DONNELLY, Administrator, and others, Appellants, vs.
EASTES, Respondent.

*November 4 — November 24, 1896.*

**Deeds: Conditions, precedent or subsequent? Construction: Forfeiture: Equity: Revesting of title.**

1. A court of equity has power to relieve from a forfeiture incurred by reason of a breach of a condition subsequent, upon the principle of equitable compensation.

2. A provision in a deed, containing the usual granting and *habendum* clauses and warranties, that upon the death of the grantors the absolute title in fee simple to all the lands covered thereby should vest in the grantee, provided she had fulfilled and performed all the conditions of the deed, but in case said grantee should fail to perform any of the conditions of said deed it should be null and void, and all rights conveyed thereby *should revert* to the grantors, is a condition subsequent.

3. An entry for condition broken, in order to revest the title, must be after demand and refusal to perform.

4. In determining whether the parties to a conveyance intended to create a condition precedent or a condition subsequent, doubts are rather to be resolved in favor of the latter.

APPEAL from a judgment of the circuit court for Jefferson county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

Action to set aside and cancel a deed given by Levi Johnson and wife to the defendant on the 26th day of February, 1892, conveying to the latter the grantors' farm, reserving to such grantors about one acre of land, with the farm buildings situated thereon. The consideration for such convey-

ance was payment of $50 down, as part of the first payment hereafter mentioned; an agreement to pay $500 on the last day of February in each year during the life of Levi Johnson, and, in case of the survivorship of his wife, $400 each year during her life; also to furnish the grantors, each year, sufficient wood for one stove, and oats for one horse. The deed contained the following: "Upon the death of both said first parties [grantors], the absolute title to all said lands, in fee simple, shall vest in said second party, provided she has fulfilled and performed all of the conditions of the deed; but, in case said second party shall fail to perform any of the conditions of said deed, then the said deed shall be null and void, and all rights conveyed herein shall revert to the first parties."

The facts above stated were set forth by proper allegations in the complaint; also that, under the deed, defendant took possession of the farm, and worked it for the season of 1892, and paid the instalment payable on the last day of February, 1893; that thereafter she abandoned the farm; that by reason thereof, March 15, 1894, the grantor Levi Johnson took possession of the premises, and declared the deed void, and brought this action to cancel the same. Defendant answered, among other things, that after taking possession of the farm she expended large sums of money in repairing and improving the same; that she was obliged to reside in Chicago and leave the property in charge of an agent; that during the first season Johnson, by interference with such agent and other ways particularly set out in the answer, embarrassed her in the work of carrying on the farm; that at the beginning of the second year defendant left the farm in charge of plaintiff Johnson at his request, and upon his agreeing to make the farm produce sufficient to yield the sum required to be paid under the deed. She denied that plaintiff Johnson ever repossessed himself of the farm, except by her permission as aforesaid. Several mat-

ters were set forth in the answer going to show that her failure to comply with the conditions of the deed was attributable to acts of Johnson in interfering with her agent and otherwise. She further alleged, in effect, that she did not pay the sum required under the deed on the last day of February, 1894, because of necessary absence, but that she tendered the same, being $545, on the 28th day of March thereafter, and that it was refused upon the ground that it came too late. She further alleged that she was ready and willing, and had always been, to comply with all of the conditions of the deed.

Both plaintiffs died before the action was tried. It was revived in due form, and proceeded to trial and judgment. The trial court found, among other things, that, soon after the delivery of the deed, Johnson commenced efforts to get rid of its effect and to regain control of the property; that defendant never absolutely refused to perform the conditions of the contract, but always intended to perform them in good faith; that when Johnson refused the tender made on the 28th day of March, 1894, which was of a sum substantially sufficient to cover back taxes and back rent, the refusal was solely on the ground that it came too late, and because he desired to get the place back; and that the tender was not kept good. The court stated the account between the defendant and the estate, in which he found a balance due the latter of $917.59.

As a conclusion of law, the court found that defendant should have the absolute legal and equitable title of the farm in her confirmed, within a time specified, upon bringing into court, or paying to plaintiffs' attorneys, the aforesaid balance. Costs were allowed to plaintiffs because of defendant's breach of contract.

The court held that the action was brought to take advantage of a forfeiture in equity, on account of breach of a condition subsequent. To this the plaintiffs excepted; also

excepted to some of the findings of fact. Judgment was entered in accordance with the findings, from which this appeal is taken.

*L. B. Caswell*, for the appellants.

For the respondent there was a brief by *Edwin T. Cass*, attorney, and *H. J. Kendig*, of counsel, and oral argument by *Mr. Kendig*.

MARSHALL, J. The question upon which this case turns mainly is, Was the condition in the deed a condition precedent, such as must happen before title would vest in the grantee, or was it a condition subsequent, a breach of which might be taken advantage of, or operate, under its terms, to defeat a title already vested? If the latter, a court of equity had ample power to relieve defendant, upon equitable principles of compensation, from a forfeiture; if the former, the court had no such power. Failure to perform a condition precedent is an effectual bar to any remedy at law, and, in a case like this, to any remedy in equity as well. The law governing this subject is too well settled to require any extended discussion of it, or the citation of authorities, but we call attention to the following in this court, to which reference may be made: *Warren v. Bean*, 6 Wis. 120; *Hudson v. McCartney*, 33 Wis. 331; *Drew v. Baldwin*, 48 Wis. 529; *Redman v. Ætna Ins. Co.* 49 Wis. 431; *Stoel v. Flanders*, 68 Wis. 250; *Gates v. Parmly*, 93 Wis. 294.

This appears to be a harsh doctrine when viewed apart from the reason for it. Courts give effect to contracts according to the intention of the parties,— do not make them. They cannot substitute a new contract for the one the parties see fit to make, because nonperformance on the part of one of the parties thereto becomes difficult, or the consequences of such nonperformance onerous. If one agrees that full performance of all obligations on his part shall be

requisite to the enjoyment by him of any benefit under the contract, he is presumed to know the legal effect of assuming such an obligation, to have done it for a consideration, and must abide the consequences of it, and not expect, by the aid of a court of equity, to shift the burden onto others which he has voluntarily agreed to bear himself.

The learned circuit judge decided that the condition in the deed in question is a condition subsequent, and it is difficult to see how any other conclusion can be arrived at, consistent with the decision of this court in *Drew v. Baldwin, supra.* All the essential elements to be considered in the deed here were present in the deed there. Here the deed recites that: "Levi Johnson and Minerva, his wife, parties of the first part, for and in consideration of the agreements on the part of *Sarah M. Eastes*, party of the second part, to perform the conditions of such deed, hereinafter mentioned, . . . have given, granted, bargained, sold, . . . conveyed, and confirmed, and by these presents do give, grant, . . . sell, . . . convey, and confirm, unto the said party of the second part, her heirs and assigns, forever, the following described real estate: . . . ." Then follows the description of the land conveyed, then the conditions, closing with the words: "Upon the death of both said first parties, then the absolute title to all said lands, in fee simple, shall vest in said second party: provided she has fulfilled and performed all of the conditions of this deed; but, in case said second party shall fail to perform any of the conditions, then this deed shall be null and void, and all rights conveyed shall revert to first parties." Then follows the usual *habendum* clause and covenants. This differs from the deed in *Drew v. Baldwin* only in that in the latter the conditions follow the *habendum* clause and covenants, while in the former they precede; and in the latter there is no clause to the effect that, on failure to perform, the deed shall be void,

and the rights conveyed shall revest in the grantors. But that clause aids in reaching the conclusion that the intent of the parties was to pass a title *in præsenti*. If such was not the intent, the words " all rights shall revert " have no meaning. Such words clear up any such difficulty as the court observed existed in *Drew v. Baldwin.* The rights conveyed consisted of the legal title to the premises. That was what the language providing for a reversion referred to. Mr. Justice COLE, speaking for the court in *Drew v. Baldwin,* said : " It will be observed that it is declared the conveyance shall not become absolute until the death of the grantors. . . . This language implies that an estate was intended to pass by the conveyance. If this were not so, it would seem inconsistent to state that the conveyance should not be absolute until these conditions were performed." *A fortiori,* it would be inconsistent to say, if the deed here did not vest a title *in præsenti,* that the interest conveyed shall revert on nonperformance of the conditions.

The question presented is one of construction. No particular words are necessary to create a condition. The intention of the parties must be determined from the language used by them, and from the subject matter to which such language relates. Such intention being determined, it governs. But, in reaching a conclusion, doubts are rather to be resolved in favor of an intention to create a condition subsequent than precedent. So it is said that if the acts may as well be done after as before the vesting of the estate, or, from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act after taking possession, then the condition is subsequent. 2 Washb. Real Prop. § 446. Some of the tests of whether parties intend to create a condition subsequent or not are whether a re-entry after demand of performance for condition broken is requisite to revest the title in the

grantor, and whether a reversion of the title is provided for, consequent upon nonperformance, without such re-entry. Such tests clearly indicate the character of the condition in question to be subsequent.

But it is said, conceding the condition to be a condition subsequent, the forfeiture occurred prior to the commence- ment of this action; that the action is not to enforce a for- feiture, but merely to cancel the deed.  If there were a. rightful entry for condition broken, so that the estate re- vested under the terms of the deed, or even if the title re- vested under the terms of the deed without a re-entry, the court is yet not powerless to relieve the defendant from the consequences thereof.  But the trial court found that there was no refusal to perform, and, in effect, that the failure to perform is attributable largely, if not wholly, to the con- duct of the grantor Levi Johnson.  There are exceptions to such findings and to others, but an examination of the rec- ord fails to disclose any ground to disturb them; hence they must stand as verities in the case.  To be sure, the court also finds, as a conclusion of law, that the defendant was bound to fulfill without any request on the part of Johnson; but that finding was made with reference to the *status* of the parties, respecting the equitable liability for costs and interest.  The rule is that the entry for condition broken must be after demand and refusal to perform, in order to make such entry effectual to revest the title.  That applies unless, by the terms of the deed, the title revests for breach of condition without re-entry; but then the provision in that regard would not operate except on demand and refusal to perform.  1 Warvelle, Vendors, 464; *Cory v. Cory*, 86 Ind. 567; *Lindsey v. Lindsey*, 45 Ind. 552; *Bradstreet v. Clark*, 21 Pick. 389; *Nicoll v. N. Y. & E. R. Co.* 12 N. Y. 121.

It follows from the foregoing that the court rightly con- cluded that the real purpose of this action is to enforce a for- feiture,— to divest the estate vested in the defendant.  'A

court of equity never actively interferes for such a purpose, even where no equitable relief would be given to the defaulting party against the forfeiture, but will, when compensation can be made in money, compel the complaining party to take it, and relieve against a forfeiture.' 1 Pomeroy, Eq. Jur. §§ 455, 459; *Gates v. Parmly*, 93 Wis. 294; *Henry v. Tupper*, 29 Vt. 358.

Applying the foregoing rules to this case, the judgment must be affirmed. There was no difficulty in ascertaining accurately what amount of money it would take to fully compensate the representatives of Johnson for failure to perform the conditions of the deed complained of. The trial court made such determination upon equitable principles, and provided that the defendant should pay the sum so determined within a reasonable time, fixed by the court, as condition of the title vesting in her, absolute, under the deed.

*By the Court.*— Judgment affirmed.