107   85
131 280

107   85
142 653

</div>

---

F. B. BONNIWELL v. NICHOLAS MADISON, Appellant.

**Deeds:** CONDITION SUBSEQUENT: *Forfeiture.* An entry by the grantor is necessary, in order to devest the title of the grantee for the breach of a condition subsequent.

SAME.  A deed required the grantee to erect and maintain a fence on one side of the land conveyed, and provided that failure so to do should cause the land to revert to the grantor. A strip of land adjoining the required fence was conveyed by mesne conveyances to plaintiff under a like condition; and the remainder of the land was conveyed to defendant in 1895 through mesne conveyances providing that, if plaintiff's grantor or his assigns should fail to comply with the conditions of his deed, then the strip of land should become a part of the property conveyed thereby. A fence was duly erected and maintained until 1893, when it was burned by a fire; but plaintiff, who was a non-resident, had no actual notice of the fire until 1896, when he at once ordered it to be repaired; but defendant entered on the land, claiming foreclosure for breach of the condition. *Held,* not to show wilful violation of the condition by plaintiff, so as to authorize a foreclosure.

WAIVER.  A grantee's breach of a condition subsequent contained in a deed of land, to maintain a fence, in that some of the fence was burned and not replaced, is waived by the successor of the grantor's interest, where he afterwards lays down a part of the fence for the purpose of hauling over it, so that his immediate grantee can rely only on the breaches occurring after he became owner.

SAME.  While it is a general rule that no demand for performance of a condition subsequent is necessary, yet, where there is an evident

3 waiver of performance by the immediate grantor of the party
seeking to enforce the forfeiture, a demand is necessary, before
the right of entry exists.

PARTIAL PERFORMANCE. An executed conveyance will not be set
3 aside for failure to perform a condition subsequent, where there
has been a partial performance accepted as such, and the parties
cannot be placed in *statu quo*.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR,
Judge.

SATURDAY, DECEMBER 17, 1898.

SUIT in equity to quiet plaintiff's title to a strip of
ground two rods wide off of a certain forty acres of land in
Buchanan county, Iowa. Defendant denies plaintiff's owner-
ship, and claims that he is entitled to the possession thereof
by reason of a forfeiture growing out of a condition subse-
quent in the deed conveying the same to plaintiff's grantors.
Plaintiff denies the forfeiture. On the issues thus joined the
case was tried to the court, resulting in a decree and judgment
for plaintiff, and defendant appeals.—*Affirmed.*

*Ransier & Everett* and *E. B. Abbott* for appellant.

*James E. Jewel, Lake & Harmon,* and *H. W. Holman*
for appellee.

DEEMER, C. J.—On the face of the record, plaintiff is
the owner of the strip of land in dispute, through certain
mesne conveyances from one Henry R. Cobb. The deed to
Cobb contained this provision: "Grantee is to put in a box
culvert under the road at the north end; also, one near the
center of this grant, as needed. Grantee, his heirs and assigns,
agree to erect and maintain a lawful fence on the entire west
side of this grant, and failure to erect and maintain such a
fence shall cause the land herein conveyed to revert to the
grantor. The grantee, his heirs and assigns, shall not dig a
ditch nor cut the sod on the west side of this grant, and said

fence shall be built by June 1, 1882." The deed from plaintiff's immediate grantor contained substantially the same condition. Defendant is the owner of the remaining forty acres through certain mesne conveyances from Cobb. In each of the conveyances constituting his chain of title is found this provision: "If Horatio Bryant [one of the plaintiff's grantors], grantee of the two-rod strip named above [which was excepted in the deeds], or his heirs or assigns, shall fail to comply with the covenants of his deed, then the said strip of land shall become part of the property conveyed by this deed." Defendant became the owner of the remainder of the forty on the eighth day of October, 1895. Previous to that time it had been owned by A. H. Farwell, from June 13, 1890, to December 4, 1891, and by Fred M. Abbott from December 24, 1891, to the time of the making of defendant's deed. Defendant claims that about the year 1892 plaintiff knowingly permitted the fence to become out of repair, and failed and neglected to maintain a lawful fence as agreed, that this state of affairs continued until the spring of 1896, and that thereupon he entered upon and took possession of the strip of land as owner; and he asks that his title be quieted.

We may concede, for the purposes of the case, that the provisions in plaintiff's deed respecting the erection and maintenance of the fence are conditions subsequent, as claimed, and that plaintiff has not at all times kept up and maintained a lawful fence, as agreed. Yet it is well settled that a grantee obtains title under such a conveyance, which remains in him until he is devested by the entry of the grantor. Now, without determining defendant's right to insist upon a forfeiture,—a proposition which, to say the least, is doubtful (see Jones Real Property, sections 696, 723, 728, and cases cited),—and conceding that he may do so if the facts warrant, we now turn to the evidence. It appears that the plaintiff is, and was at the time the alleged forfeiture occurred, a non-resident of the state. The fence was built by plaintiff's grantors, as agreed; and, while

it may not have been a lawful one, it was accepted as such by defendant's grantors, and defendant has no right to complain of any act which was treated as sufficient by them. It was kept up and maintained until the fall of 1893, when a fire set out by a passing engine running over a tract of land adjoining this strip burned off some of the posts. Other posts were burned in the year 1894. Plaintiff's tenant neglected to inform him of the condition of the fence, and he had no actual notice thereof until some time in the spring of 1896. As soon as he became aware of the condition of the fence, he ordered his then tenant to repair the same; and the tenant was so engaged when defendant entered upon the land, claiming forfeiture for breach of condition. A controversy then arose over the right of possession, and defendant brought action of forcible entry and detainer. Thereupon plaintiff commenced this suit. It further appears that Abbott (who was defendant's grantor), by his tenant, laid down a part of the fence, which was built with wire, that he might haul over it. As to Abbott, this was a waiver of the forfeiture, and defendant cannot rely upon plaintiff's failure to erect the fence during the time that Abbott owned what may be termed the reversion. He can only rely upon what occurred after he became the owner. This was in October, 1895. The defendant did not take possession until March of the year 1896. When he took possession the fence was down in two or more places. Shortly thereafter, and as soon as it became known that the defendant was dissatisfied with the condition of the fence, plaintiff's tenant began to repair it, but was stopped in his work by the defendant.

Now, it is well settled that forfeitures are not favored in law, and that a court of equity will not declare a forfeiture, nor lend its aid in any way towards its enforcement. *City of Marshalltown v. Forney*, 61 Iowa, 578. It is also a well established rule that, when maintenance or use is a part of the condition, there must be such neglect to maintain as to indicate an intention not to comply, to constitute a breach of condi-

tion.  *Osgood v. Abbott,* 58 Me. 73; *Mills v. Evansville Seminary,* 58 Wis. 135 (15 N. W. Rep. 133); *Rowe v. City of Minneapolis,* 49 Minn. 148 (51 N. W. Rep. 907); *Hurto v. Grant,* 90 Iowa, 414.  In other words, it must be shown that the spirit and purposes of the condition have been willfully disregarded by the grantee, to establish such breach as will authorize a re-entry by the grantor.  Jones Real Property, section 680, and cases cited.  Again, it is held in *Gardner v. Lightfoot,* 71 Iowa, 577, that an executed conveyance will not be set aside for failure to perform a condition subsequent, where there has been a partial performance, accepted as such, and the parties cannot be placed in *statu quo.*  Applying any of these rules to the facts above stated and it is clear that there has been no such breach of condition as authorized the defendant to enter and claim for forfeiture.  Moreover, while it is a general rule that no demand for performance is necessary, yet where, as in this case, there is an evident waiver of performance by defendant's immediate grantor, it seems to us that demand is necessary, before the right of re-entry exists.  See *Merrifield v. Cobleigh,* 4 Cush. 178; *Bradstreet v. Clark,* 21 Pick. 389; *Donnelly v. Eastes,* 94 Wis. 390 (69 N. W. Rep. 157); *Cory v. Cory,* 86 Ind. 567; *Royal v. Aultman & Taylor Co.,* 116 Ind. 424 (19 N. E. Rep. 202); *Hurto v. Grant, supra.*

Appellant's counsel contend that, as plaintiff failed to plead waiver, he cannot rely upon it.  This would, no doubt, be true, if he were relying upon a waiver by the defendant himself.  Proof of waiver by defendant's grantor was introduced without objection, and the case was tried on the theory that such pleading was unnecessary to tender the issue.  We need not determine, therefore, whether plaintiff was bound to plead it, for the evidence was properly admitted on the question of necessity for a demand.  The decree of the district court is right, and it is AFFIRMED.