ELLEN A. STROTHERS v. NAOMIA WOODCOX, STELLA GARRETT, VELMA JANE GARRETT and MERRILL GARRETT, Appellants.

**Deeds:** CONSIDERATION: REVOCATION. A deed conveying a life interest with the remainder to the minor children of the grantee in consideration of the support of the grantor for life is supported by a good consideration, even though the minor children are not parties to the consideration; and if fully executed, delivered and accepted will vest the right of the grantees to the property, which can not be defeated by any subsequent act of the grantor, except for a breach of the condition.

**Same:** ACCEPTANCE OF CONVEYANCE BY MINORS: PRESUMPTION. The

acceptance of a deed by the minor grantees will be presumed upon delivery of the same to a parent, if conveying a beneficial interest, and it involves the assumption of no burden.

Same. The obligation of a life tenant to support the grantor, though such support is made a charge upon the land, is not a personal obligation of the remaindermen, minor children of the life tenant, and would impose upon them no burden which would defeat the presumption of their acceptance by delivery of the deed to the parent.

Same: FORFEITURE: RIGHTS OF REMAINDERMEN. The grantor in a deed given in consideration of a life support can not, prior to a declaration of forfeiture for breach of the agreement to support, transfer the right of forfeiture to another; and where the grantee took simply a life estate with the remainder to her minor children, whose interest had become vested, the action of the grantor and life tenant in subsequently conveying the property to another prior to forfeiture did not affect the interest of the minors.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FRIDAY, MAY 14, 1909.

ACTION to quiet title. Decree for plaintiff. Defendants appeal.—*Reversed.*

*Wm. Dennis* and *F. T. Davis,* for appellants.

*Charles W. Kepler & Son,* for appellee.

McCLAIN, J.—The plaintiff claims title to the premises, consisting of a lot with improvements thereon in the town of Mt. Vernon, under warranty deed from one Leigh, who in February, 1899, received a conveyance of said lot from defendant Naomia Woodcox and subsequently, before the conveyance to plaintiff, made valuable improvements thereon. Prior to the conveyance to Leigh, Mrs. Woodcox had conveyed the lot to her co-defendants in this action by

executing and delivering to her daughter Stella Garrett a deed in the following terms:

In consideration that Stella Garrett furnishes me with a home and supports me during the remainder of my natural life, I, Naomia Woodcox, unmarried, of Linn County, State of Iowa, hereby sell and convey to the said Stella Garrett, of Linn County and State of Iowa, the following described premises in the county of Linn and State of Iowa, to wit, fractional lot one (1) and ten (10) feet in uniform width off of the southeast side of lot two (2) in fractional block one (1) in Saxby's First addition to the town of Mount Vernon, Iowa, according to the recorded plat of said addition to said town, to have and to hold and to use and enjoy the same and the appurtenances and the rents and issues and profits thereof during the terms of her natural life, and at her death to vest in her children Velma Jane Garrett and Merrill Garrett or the survivors of them, provided, however, that if Stella Garrett should die before the death of Naomia Woodcox, the grantor herein, then the estate of Velma Jane Garrett and Merrill Garrett shall be subject to their furnishing the said Naomia Woodcox with a home and supporting her during the remainder of her natural life, which right to a home and support shall be a charge and an incumbrance on said premises in favor of the said Naomia Woodcox and against all the grantees herein. Provided that if Stella Garrett, Velma Jane Garrett and Merrill Garrett should all die before the death of the grantor herein, then the said premises and all right, title and interest therein shall revert to the said grantor, Naomia Woodcox.

At the time this conveyance was made the grantees Velma Jane Garrett and Merrill Garrett, children of Stella Garrett and grandchildren of the grantor, were of the age of four and two years. About three months after the conveyance from Mrs. Woodcox to Leigh under which plaintiff claims, Mrs. Garrett with whom her husband joined, executed to said Leigh a warranty deed for her interest in the property. The defendant Mrs. Woodcox made no defense to plaintiff's action to have his title

quieted.  Mrs. Garrett answered, but raised no issue which is material to the disposition of the case as presented on this appeal.  There was also an answer by a guardian *ad litem* in behalf of the minor defendants asserting an interest in the property under the deed above set out, and their appeal from a decree quieting plaintiff's title as against them raises the only question now for determination, which is whether the subsequent conveyance by Mrs. Woodcox and Mrs. Garrett to Leigh defeated the interest which the original deed purported to vest in these minor defendants.

That deed was unquestionably founded upon a good consideration, and the fact that the minor grantees were not parties to the consideration would be wholly immaterial as affecting its validity.  Even though the interest purported to be conveyed to them was by way of gift, if the deed was fully executed, delivered, and accepted, the rights of the grantees therein became completely vested and could not be defeated by any subsequent action on the part of the grantor, unless it might be for breach of condition, as to which something must be said hereafter.

1. DEEDS: consideration: revocation.

The minor grantees could not, of course, enter into a valid and binding acceptance of the conveyance, but, if it were beneficial in nature and involved no burden, their acceptance would be presumed.  It is well settled that from the delivery of a deed to the parent of a minor grantee acceptance by such grantee will be presumed, unless such acceptance involves the assumption of some burden, obligation, or onerous condition.  *Hall v. Cardell,* 111 Iowa, 206; *Sneathen v. Sneathen,* 104 Mo. 201 (16 S. W. 497, 24 Am. St. Rep. 326); *Colee v. Colee,* 122 Ind. 109 (23 N. E. 687, 17 Am. St. Rep. 345).

2. SAME: acceptance of conveyance by minors: presumption.

It is contended, however, for the minors, that a burdensome condition was imposed in this deed, to wit,

the obligation to support the grantor during the remainder
of her natural life should Mrs. Garrett die

3. SAME.        before the death of said grantor.   But it is
to be noticed that the condition in this respect is, not that
the minor grantees shall in that event support the grantor,
but that "the estate of Velma Jane Garrett and Merrill
Garrett shall be subject to their furnishing said Naomia
Woodcox with a home and supporting her during the re-
mainder of her natural life, which right to a home and
support shall be a charge and incumbrance on said premises
in favor of the said Naomia Woodcox."   This stipulation
does not make the support of the grantor a personal obliga-
tion on the minor grantees, but charges the estate which
they took under the deed with such support.   The minor
grantees could not possibly be put in any worse position
by reason of the acceptance of the deed than that which
they would have occupied had no deed been made.   The
stipulation imposed only a condition upon the interest
transferred to them by way of gift and did not impose any
burden upon them individually.   The law will presume
therefore an acceptance by the minor grantees ' and a
vesting in them of the interest which the deed purports to
create in their behalf, to wit, a remainder in fee after the
extinction of the life estate of their mother, subject to
forfeiture if the conditions of the deed are not performed.

The remaining question is whether the subsequent
deed by Mrs. Woodcox to Leigh and the later conveyance
of Mrs. Garrett to Leigh operated to extinguish the re-

4. SAME:        mainder which had been created in the
   forfeiture:    minor grantees.   In determining this ques-
   rights of
   remaindermen.   tion it is to be borne in mind that the con-
dition in the deed for the support of Mrs. Woodcox is a
condition subsequent.   Mrs. Woodcox alone could complain
of the breach of this condition, and prior to the declara-
tion of a forfeiture for breach Mrs. Woodcox could not
transfer to another the right to declare a forfeiture on

account of such breach of condition. She might, perhaps, transfer her right of reversion which would attach and become operative on the death of all the grantees as stipulated in the last few words of the deed, but she could not transfer the right to declare a forfeiture of the deed for breach of the condition to furnish support. *Guild v. Richards,* 16 Gray (Mass.) 309; *Rice v. Boston & W. R. Corp.,* 12 Allen (Mass.) 141; 1 Jones, Real Property, section 729. The grantor herself could not maintain an action of ejectment to recover the possession of the property for breach of the condition without a re-entry for breach, or that which would be its equivalent. *Mash v. Bloom,* 133 Wis. 646 (114 N. W. 457, 14 L. R. A. (N. S.) 1187). And a court of equity will not enforce a forfeiture for breach of such condition and quiet the title of the grantor as against the grantee. *Bonniwell v. Madison,* 107 Iowa, 85; *Marshalltown v. Forney,* 61 Iowa, 578.

The interest of the minor grantees, having vested in them at the time the deed of Mrs. Woodcox was delivered to their mother, has not been divested by any action on the part of either Mrs. Woodcox or the mother which can be regarded as binding upon said minor grantees, and the court therefore erred in quieting plaintiff's title as against said minor grantees. We have, of course, no occasion to consider the extent of the interest of the minor grantees, nor to determine what the rights of the plaintiff are, in view of the fact that when the lot was conveyed by Mrs. Woodcox to Leigh it was of the value of not to exceed $500, and when it was conveyed by Leigh to plaintiff it had by reason of improvements placed thereon been increased in value to $2,500, the consideration recited in the deed by which such conveyance was made. The fact that Leigh or plaintiff may have been misled through erroneous recitals in the abstract of title into believing that the conveyance of Mrs. Garrett completed the title in Leigh is, of course, wholly immaterial.

The decree of the trial court is *reversed.*