ELLEN A. STROTHERS, Appellee, v. CLARENCE E. LEIGH, CLARA E. LEIGH, Appellant.

**Real property:** RESCISSION OF CONTRACT: RECOVERY FOR IMPROVEMENTS, ETC.: FORM OF ACTION. In an action by the purchaser for rescission of a real estate contract, the fact that in a second count of the petition plaintiff sought to recover for improvements made upon the property, expenses of maintaining and for taxes paid, and offered to set off against his claim the rental value of the

property did not entitle him to a jury trial on that count; as the relief sought in the two counts related to the same subject matter and a consideration of both was essential to a determination of the controversy.

**Same:** RESCISSION: LACHES. Where both parties to a real estate contract supposed that good title was being transferred but the grantee thereafter discovered that it was fatally defective, so informed the grantor, and at his request brought an action to quiet title, which failed, and within a reasonable time thereafter the grantee elected to rescind the purchase, the delay occasioned by the action to quiet title did not defeat the right to rescind.

**Same:** MUTUAL MISTAKE AS TO TITLE. The mutual mistake of both parties in believing that the grantor possessed and was conveying good title, which was in fact in a third party, is ground for rescission, independent of the question of fraud.

**Same:** RESCISSION: REASONABLE TIME. The question of reasonable time within which an election to rescind a real estate contract must be exercised is governed by the circumstances of the case; and where time has been given a grantor to make his title good, equity will be slow to declare a forfeiture at his instance.

**Same:** RESCISSION: WAIVER OF RIGHT. Under some circumstances the bringing of an action by a grantee in his own name to perfect the title conveyed will preclude the right to rescind, but not where it is done at the request of the grantor for the purpose of making his covenant good.

*Appeal from Linn District Court.*—Hon. W. N. TREICHLER, Judge.

WEDNESDAY, MAY 3, 1911.

THE nature of the case and the material facts shown by the record are stated in the opinion. *Affirmed.*

*Crosby & Fordyce,* for appellants.

*Charles W. Kepler & Son,* for appellee.

WEAVER, J.—In December, 1902, the defendants herein claiming to own a certain residence property in the

town of Mt. Vernon, Iowa, entered into an agreement to sell and convey the same to the plaintiff, Ellen A. Strothers, for the sum of $2,650. In pursuance of said agreement, defendants then and there made and delivered to the plaintiff their deed of said premises with the usual covenants of warranty, and in consideration thereof plaintiff paid to defendants said purchase price in full. In the year 1905 plaintiff discovered that defendants' said deed did not convey a good title, in that a certain prior grantor, through whom defendants had claimed to derive their title, was a life tenant only, and the remainder over was still outstanding. This fact was at once brought to the notice of defendants, and after consultation with plaintiff it was determined to bring an equitable action in plaintiff's name to quiet the title in her against the alleged remaindermen; the defendants undertaking to bear the costs and expense of the proceedings. Trial of that cause in the district court resulted in plaintiff's favor, but on appeal to this court the decree was reversed. *Strothers v. Woodcox,* 142 Iowa, 648. Upon announcement of said decision, plaintiff notified defendants that she elected to rescind the purchase of the property, tendered a deed of reconveyance, and demanded a return of the purchase money paid by her. The defendants did not comply with said demand, and this action was thereupon instituted in equity. Plaintiff's petition states the facts substantially as hereinbefore recited, and prays a decree of the court for a rescission of said sale and for the recovery of the purchase money paid by her, with interest.

In a second count plaintiff further asks to recover for permanent improvements placed on the property by her before the discovery of the defect in her title, for expenses incurred by her in the case of *Strothers v. Woodcox, supra,* and for taxes and other expenses incurred in the maintenance of said property, against which she offers to credit the reasonable rental value thereof during the time of her

occupancy, and in furtherance of the relief sought by her she tenders a conveyance of the premises, warranting the same against any incumbrance by, through, or under her.

Before answering, defendants moved to transfer the second count of the petition to the law calendar for trial, which motion was overruled and error is assigned thereon. Defendants then answered, admitting the sale and conveyance of the property as alleged in the petition and the receipt of the purchase price in the sum named. They admit the subsequent discovery of the defect in the title so conveyed, and that upon consultation between the parties an action to quiet title in plaintiff was instituted, and that defendants agreed to pay the expense thereof, but deny that it was begun at their request. They also aver that the rental value of the premises during the plaintiff's occupancy has been much in excess of legal interest on the purchase price thereof, and in excess of all expenditures by plaintiff for improvements, repairs, insurance, and other incidental expenses. Defendants further allege that after the discovery of the defect in said title the plaintiff affirmed the conveyance to her by claiming and exercising rights thereunder as purchaser and owner, and thereby waived her right, if any she had, to rescind the deal or demand a return of the money paid by her.

On hearing the evidence, the trial court entered a decree for plaintiff for the rescission of the conveyance and for the recovery of the purchase price, with interest thereon, together with amounts expended for taxes, insurance, and repairs, and for the cost of constructing a permanent sidewalk and certain unpaid costs and expenses incurred in the case of *Strothers v. Woodcox, supra;* said allowances aggregating the sum of $4,233.75, upon which there was applied a credit for the rental value of the property while in the occupancy of the plaintiff, aggregating $1,260, leaving a remainder due to plaintiff of $2,973.75, for which judgment was entered.

The defendants appeal.

I. Complaint is made of the refusal of the trial court to transfer the second count of the petition to the law calendar. It is argued that the claim stated in this count was clearly an ordinary demand for the recovery of money paid and expended, and that as no equitable relief was asked in connection therewith it was triable to a jury. The point can not be sustained. Though the pleader divided the petition into two counts, the right to recovery on the second was dependent upon the facts stated in the first count. It was in substance a demand that in case plaintiff be found entitled to recover on the allegations of the first count, the court should then require an equitable accounting between the parties, in which the claims for interest, taxes, insurance, repairs, improvements, and expenses on the one hand, and for use and rent of the property on the other, should be adjusted, and the proper balance between them ascertained and adjudicated. All this matter might well have been set up in a single count. The petition in its essence states but a single cause of action, and the relief asked in the two counts all relates to the same transaction, and the consideration of both is essential to a complete adjudication of the controversy. The court did not err in overruling the motion to transfer.

II. The defense on which appellant principally relies is that plaintiff having failed to demand a rescission promptly on discovering the defect in the title, and having gone into court in the case of *Strothers v. Woodcox,* asserting ownership of the property and asking to have her title quieted, her right to rescind the purchase was thereby waived and lost. In other words, if we correctly apprehend the argument it is the claim of counsel that plaintiff's right of action, if any she has, is upon the covenants of warranty in her deed, and not an action in equity for rescission. But we think it

very clear from the record, including the testimony and admissions of the defendants themselves, that the delay occasioned by the litigation in the case of *Strothers v. Woodcox,* was made or permitted at the instance of defendants, and that the suspension of further action on plaintiff's part pending said proceedings would not defeat her right of rescission in the event of the alleged outstanding title being established. The question whether there was in fact a failure of title had been in issue against the hostile claimants at defendants' request, and they can not be permitted to acquire any advantage over plaintiff, simply because she waited until such failure had been judicially established before pressing her claim against them. Not until that litigation had culminated in final decree was it known to a certainty that the title conveyed by the defendants was bad, and, as plaintiff announced her election to rescind within reasonable time thereafter, the rescission was timely.

That the circumstances were such as to justify rescission, there can be no doubt. It was not necessary to that end for plaintiff to prove actual fraud or misrepresenta-

3. SAME: mutual mistake as to title.

tion on part of defendants in making the sale to her. It is enough if both parties believed defendants possessed a good title which they were authorized to convey, and it was subsequently found that the title was in third parties, and the deed to plaintiff proved ineffective to vest in her the property she had purchased. Such mistake would involve no fraud in the moral sense of that word; but to permit the seller to insist upon an advantage so obtained and refuse to place the purchaser in *statu quo,* so far as that is possible by a proper decree, would be to make the law an instrument of fraud. It is conceded that defendants undertook to convey a good title, and that plaintiff, relying upon their claims and representations in this respect and upon the abstract exhibited by them, made her purchase, and it

is also conceded that the title so conveyed was later con-
clusively adjudged to be bad.    That a rescission may be
had under such circumstances has often been held by this
court.    *Weise v. Grove,* 123 Iowa, 589; *Smith v. Bricker,*
86 Iowa, 285; *Clapp v. Greenlee,* 100 Iowa, 595; *Camp-
bell v. Spears,* 120 Iowa, 673.    For reasons already stated,
we can not say that plaintiff was guilty of laches forfeiting
her right to rescind.

It is true that one who wishes to rescind a contract
must indicate the purpose so to do with reasonable prompt-
ness.    But what is "reasonable promptness," so far as the
element of time is concerned, varies with
the varying circumstances of the cases.    Ap-
parent delay is always open to explanation.
*Walling v. Thomas,* 133 Ala. 430 (31 South. 982), and,
if such delay has been accorded to give the other party
time and opportunity to make good the defective title, a
court of equity will be slow to make it a ground for for-
feiture or waiver upon the objection of the party for whose
benefit it has been given.    No authority holding otherwise
has been called to our attention, and we are quite certain
none can be found.

4. SAME: rescission: reasonable time.

It is said, however, that plaintiff's act of acquiescence
in the prosecution of the former action in her name as the
alleged owner of the property is an assertion of ownership
inconsistent with the right to rescind.    Con-
ceding that under some circumstances the
bringing of such an action could be treated
as a waiver of the right of rescission, it
would be inequitable to so treat it in this case.    The
plaintiff did hold such title as defendants could give her,
and they were seeking to confirm it and make it good.    To
do so that action was brought and prosecuted in her name,
but her grantors who arranged for it and assumed the ex-
penses of it were the real plaintiffs, and were bound by the
judgment therein as effectually as the nominal plaintiff

5. SAME: rescission: waiver of right.

herself.   That action was simply an expedient, and a lawful one, adopted by defendants to remove any cause for rescission which plaintiff might have.   It failed, and when that failure was settled beyond question by. the court's decree plaintiff's right of rescission was left unimpaired. The decree for plaintiff was therefore properly entered.

We are more satisfied with this conclusion from the fact that were appellants'. contention as to appellee's appropriate remedy to be sustained by us and a reversal ordered, or the cause remanded as an action at law upon a breach of the covenant of seisin, plaintiff's recovery, in view of her practical ouster by the adverse decree in *Strothers v. Woodcox,* would be assessed upon substantially the same basis as a rescission, i. e., a return of the money paid, with lawful interest.   2 Sutherland, Dam. (3d Ed.) section 593.   We have no doubt, however, of the propriety of the remedy here employed or of the justice of the conclusion reached by the trial court.   *Affirmed.*