ZEBEDIAH ALLEN & others *vs.* FRANCIS HOWE.

Land with hotel buildings thereon was conveyed for a nominal sum, in consideration of benefit expected by the grantor to accrue to his other land from the performance of a condition of the deed, that for twenty years the grantee, his heirs and assigns, should use the granted premises exclusively for hotel purposes, and the obligation and force of the condition should not be affected by the destruction or injury of the buildings by fire or otherwise. The grantee then conveyed the premises to J. S., in whose occupation the hotel was destroyed by fire four years after the original conveyance. J. S. then gave a lease of part of the premises, and the lessee used them for other than hotel purposes for about a year, when the original grantor entered for breach of the condition. Fifteen months afterwards J. S. brought a writ of entry against him to recover the premises, neither J. S. nor the original grantee having meanwhile offered to rebuild the hotel or done anything indicating such an intention. *Held,* that the premises were forfeited to the original grantor by breach of the condition, and the writ of entry could not be maintained.

WRIT OF ENTRY to recover a parcel of real estate in Brookfield; submitted to the judgment of the court on agreed facts which appear in the opinion.

*H. D. Hyde*, for the demandants.

*G. F. Hoar*, for the tenant.

MORTON, J. The demandants' title is derived by mesne conveyances from Moses Kimball, to whom the tenant conveyed the demanded premises by deed dated March 31, 1864. This deed contains the following clause: "And this gift, grant, bargain, sale and conveyance is made upon and subject to the express conditions, that for twenty years, next ensuing from the day of the date hereof, the said grantee, his heirs, executors, administrators and assigns, and any and all persons claiming by, through and under him, them or any of them, shall use that portion of the granted land which lies between the main road and a line drawn parallel to said main road at a distance twenty feet north of the

northerly side of the barn now standing on the granted premises, exclusively for hotel accommodations, and for no other purpose whatsoever, and shall not during said term of twenty years erect or suffer to be erected on said portion of the granted premises any building less suitable, commodious and convenient for hotel purposes than the one recently erected thereon would be when fully completed, or use or suffer to be used any building or buildings now on or that may be hereafter erected on said portion of the granted premises for any purpose whatsoever other than for° hotel purposes during said term of twenty years, and the intention, obligation and force of these conditions, any and all of them, shall be nowise annulled, weakened, or anywise affected by reason of the partial or entire destruction, by fire or otherwise, of any building or buildings, now erected or which may hereafter be erected on the granted premises or any portion thereof. It being understood, however, that the lower story of the westerly wing of the hotel building may be occupied for a store, as at the present time." By this deed, the grantee took an estate upon a condition subsequent; and the only question in this case is, whether there has been a breach of the condition which works a forfeiture.

It appears that the hotel on the demanded premises was completed by said Kimball, and on April 23, 1868, was totally destroyed by fire. It has never been rebuilt. A part of the premises which by the terms of the condition were to be used exclusively for hotel purposes was leased by the demandants' grantor to one Giffin, who occupied it for about a year after the fire for agricultural purposes. The tenant entered for a breach of the condition, on May 13, 1869; and this suit was commenced August 11, 1870. Up to this time it does not appear that the demandants or their grantor have offered to rebuild the hotel, or done any act indicating an intention to do so.

We are of opinion that the facts of the case show a breach of the condition. Under the most favorable construction which the grantee can claim, he was bound to rebuild the hotel, in case of destruction by fire, within a reasonable time. *Hayden v. Stoughton*, 5 Pick. 528. He could not otherwise perform the condition that he should use the premises for hotel purposes. The condition

provides that the destruction of the buildings by fire should not in anywise annul, weaken or affect its obligation or force ; and the grantee paid nothing for the estate, the only consideration of the conveyance being the expected benefit to the other property of the grantor from the performance of the condition. It is obvious that it was the understanding and purpose of the parties, that the buildings, if destroyed by fire, should be promptly rebuilt. We are of opinion that, under the circumstances, the failure of the demandants or their grantor to rebuild, or to take any steps towards rebuilding, was unreasonable. There is nothing in the case to show any excuse for the delay, or that the demandants have any intention hereafter to rebuild. On the contrary, the inference from the fact of their leasing the premises for agricultural purposes, and from the other facts of the case, is very strong, that they have permanently abandoned the use of the premises for hotel purposes. For these reasons, we are of opinion that there was a breach of the condition. *Judgment for the tenant.*