## BARCLAY and another vs. YEOMANS.

EJECTMENT: *Sufficiency of complaint.*

Under our statute it is not sufficient for the complaint in ejectment to state that plaintiff is the owner in fee, and that defendant is in possession and wrongfully and unlawfully withholds the possession from plaintiff; but it must further distinctly allege that plaintiff is "entitled to the possession."

APPEAL from the Circuit Court for *Pierce* County. The complaint in the court below averred title in

the plaintiffs, and wrongful possession in the defend-
ant, but did not aver that the plaintiffs were entitled
to the possession of the premises, as required by sec-
tion 4, chapter 141 of the Revised Statutes.

The defendant demurred to the complaint as not
containing this averment. The demurrer was over-
ruled, and defendant appealed.

*E. H. Ives,* and *Wilson, Clinton* and *Matthews,* for the
appellant, argued that the complaint must strictly
conform to the statute, as being in derogation of the
common law.

*Ives, Skillman & Steel* (with *John C. McClure* and *J.
S. White*), for the respondents, contended, that where a
statute requires two statements, whether they be conclu-
sions of law or averments of fact, couched in different
words, but of precisely the same meaning, it is not
necessary to insert both, it being one of the provisions
of the code, that "the complaint shall contain a
plain and concise statement of the facts constituting
a cause of action, without unnecessary repetition;"
and further, that every reasonable intendment and
presumption must be made in favor of a pleading.
*Morse v. Gilman,* 16 Wis. 504.

COLE, J. Our statute declares that the complaint
in actions to recover real property shall set forth that
the plaintiff has an estate or interest in the premises
claimed, particularly stating the nature and extent of
such estate or interest, "and that he is entitled to the
possession of such premises, and that the defendant
unlawfully withholds the possession thereof from
him." Section 4, chap. 141. We do not very well
see upon what ground the court can disregard so plain
and positive a provision of the statute. In the com-
plaint before us it is alleged that the plaintiffs are the
owners in fee of the real estate, and that the defendant
is in the possession of it, "and wrongfully and unlaw-
fully withholds the possession of the same from said

plaintiffs." But there is no averment that the plaintiffs "*are entitled to the possession* of the premises," as the provision above referred to requires. It is said that it is quite unnecessary for the plaintiff, after he has stated in the complaint that he is the owner in fee of the premises, and that the defendant was in the possession of them, and "wrongfully and unlawfully withholds the possession of the same" from him, to allege that he is entitled to the possession. The idea that he is entitled to the possession, is necessarily involved in the averment that the defendant unlawfully and wrongfully withholds the possession from him. There is certainly force in this position, but it is an argument rather to be addressed to the legislature, against the wisdom of the provision as it now stands, than one for the consideration of the courts. The legislature has undertaken to say what the complaint in this class of actions shall contain; and whether all the requirements are wise or not, is not for us to determine. It is sufficient to say that the language is plain and positive as to what shall be stated in the complaint; and, unless we nullify the statute, effect must be given to this language.

We have been referred to some authorities in support of the position that the complaint is sufficient; but these decisions of the courts of other states will not justify us in disregarding a statutory requirement.

*By the Court.*—The order of the circuit court, overruling the demurrer, is reversed, and the cause remanded for further proceedings.