# CASES DETERMINED

### AT THE

## January Term, 1872.

LEE VS. SIMPSON and others.

*Action* quia timet. *Demurrer.*

1. Only he who has the *possession* of land, as well as the legal title, can maintain a bill in equity *quia timet*, against any other person setting up a claim of title.
2. One out of possession, who asserts an absolute legal title and right of possession to land held adversely to him, must bring *ejectment* against the party in possession, and cannot sue him in equity.
3. Where one count of a complaint alleged plaintiff's absolute title in fee, under a conveyance from defendants, who still remained in possession under a lease giving them the right to purchase, but that defendants falsely pretended that such conveyance was only a mortgage, and claimed the right to redeem: *Held*, on demurrer, that no ground of equitable relief was shown.
4. Where such count contains none of the other essential averments required by the statute in actions of ejectment (R. S., ch. 141, sec. 4; *Barclay v. Yeomans*, 27 Wis., 682), although it shows that plaintiff has the absolute title in fee, it cannot be sustained as a complaint in ejectment.
5. It is only where the different counts of a complaint state two or more good causes of action, that a demurrer for misjoinder or multifariousness will lie.

APPEAL from the Circuit Court for *Dane* county.

Action to quiet title to land. The complaint, as a first cause of action, sets forth a mortgage from the defendants *Simpson* to the defendants *Ragan*, made in 1855 ; a suit commenced to foreclose it, which went to judgment, was appealed, and settled pending the appeal, the first named defendants giving another

mortgage therefor, dated November 4, 1861, by which they agreed to pay 1,600 bushels of wheat to the *Ragans*; that a suit was commenced to foreclose that mortgage, which was discontinued, and the said mortgage satisfied, of record June 2, 1863, in consideration of which the defendants *Simpson* gave an absolute deed to *Mrs. Ragan*, and took back a contract in the form of a lease with a right to purchase, which they now claim was to secure to them an equity of redemption in the premises; that under this contract proceedings were commenced before a justice, which resulted in a writ of restitution whereby the *Ragans* got the possession in May, 1866; that in December, 1866, plaintiff entered into possession of the land under a tax deed, (hereinafter mentioned) running to him; that afterwards, in the same month, the title of the *Ragans* was conveyed to him by deed from *Mrs. Ragan*; that he remained in possession and cultivated the land until December 7, 1869, when he was turned out by the *Simpsons*; that the *Simpsons* in their mortgage covenanted to pay the taxes, which the *Ragans* and the plaintiff have in fact paid, the several amounts being stated; that the deed from the *Ragans* to this plaintiff operated to assign their interest and their claim for the taxes; that the other defendants named have or claim some interest or right in the premises, but which is subordinate to that of the plaintiffs; and that no proceedings have been had at law or equity to recover the sum secured by the mortgage, etc. By the second count the plaintiff claims to own the land in fee by virtue of a tax deed executed to him in December, 1866, on a sale made in 1863 for delinquent taxes of 1862. Prayer, that the defendants may be barred of all claim, etc., to the land, or, if the conveyance to the *Ragans* be adjudged a mortgage, for a foreclosure thereof.

The particular averments on which the case turns appear in the opinion of the court.

The defendants demurred to the whole complaint for misjoinder of causes of action; and to each count for want of a

sufficient statement of facts to constitute a cause of action. The circuit court overruled the demurrer; and the defendants appealed.

*Wm. F. Vilas*, for appellants, as to the misjoinder of causes of action, cited *Dewey v. Ward*, 12 How. Pr. R., 419; *Landau v. Levy*, 1 Abb. Pr., 376; *Smith v. Hallock*, 8 How. Pr. R., 73; *Sweet v. Ingerson*, 12 id., 331; *Linden v. Hepburn*, 3 Sandf., 668; *Budd v. Bingham*, 18 Barb., 494; *Springsteed v. Lawson*, 14 Abb. Pr. R., 328; *McIntosh v. McIntosh*, 12 How. Pr. R., 289; *Penn. Coal Co. v. Del. & Hudson Candl Co.*, 1 Keyes, 72.

*Gregory & Pinney*, for respondents, claimed that both causes of action stated in the complaint, arose out of different transactions connected with the same subject of action — the land described in the complaint — and, in one sense, out of the same transaction, viz: the mortgage given by the *Simpsons* whereby they covenanted to pay the taxes, for non-payment of which the land was sold and the tax deed issued; and, therefore, they might be joined, citing *Lattin v. McCarty*, 41 N. Y., 107; *Winslow v. Dousman*, 18 Wis., 456; *Seaman v. Goodnow*, 20 Wis., 27.

The following opinion was filed at the June term, 1871:

DIXON, C. J. The first count of the complaint alleges that the deed of conveyance, dated May 10, 1863, executed by the defendants *Samuel Simpson* and *Sydney Simpson*, his wife, to the defendant *Sophia A. Ragan*, and delivered to her husband, the defendant *Ransom Ragan*, for her, on the 2d day of June, 1863, was in fee simple and absolute, and that it was so intended to be made and delivered in satisfaction of the mortgage debt. The averment is, that the husbands *Samuel Simpson* and *Ransom Ragan*, were " acting as, and were, the agents of their said wives respectively " at the time the deed was delivered, and in relation to the business then transacted between them, and that " they entered into an arrangement or agreement that the proceedings to enforce said mortgage should be satisfied and discharged, in consideration of which the said *Samuel*

*Simpson* and *Sydney Simpson* should convey said premises to the said defendant *Sophia A. Ragan absolutely and forever*, in satisfaction of said mortgage debt; that, thereupon, the said *Samuel Simpson* delivered the aforesaid deed of conveyance so executed and acknowledged by him and his said wife to the said *Ransom Ragan* for the said *Sophia A. Ragan*, and as her agent, who on the same day caused the same to be recorded," etc. The pleading then proceeds with a statement of an agreement in writing entered into at the same time between the parties, setting out the agreement *in hæc verba*, by which the *Ragans* leased the premises to the *Simpsons* for a short period, and agreed to sell the same to them, at the expiration of the lease, for $1,400, if not previously sold.

The agreement on its face does not operate as a defeasance. or show that the title conveyed by the deed was conditional, It does not appear from the agreement, nor from any averments contained in the complaint that the deed was intended as security for the payment of $1,400 or any other sum, or that *Mrs. Simpson* or her husband was to have any right of redemption. The pleader seems carefully to have avoided any statement or admission from which it could be inferred that the deed was to operate as a mortgage. It is true, it is averred that the plaintiff, since he purchased and paid for and received a conveyance of the premises from the *Ragans*, has ascertained that the *Simpsons* "claim and pretend" that the deed executed by them was intended as a mortgage, and was, in fact made and delivered by them only for the purpose of securing payment to the *Ragans* of the sum of $1,400. It is also true the plaintiff demands relief "that if, as is pretended by the defendants, *Sydney Simpson* and *Samuel Simpson*, the claim and title of the said plaintiff, in the first count of this complaint mentioned, shall be adjudged to be a mortgage, an account may be taken of the amount due thereon for principal and interest," etc. The complaint does not, however, anywhere admit, nor intend to, that there is any foundation whatever, either in law or in

fact, for these claims and pretenses. The intention merely is to aver that such claims and pretenses are made, without admitting their truth, and without admitting the existence of any facts inconsistent with the absolute legal title of the plaintiff under the same deed.

Construing the pleading, therefore, according to its clear intent and meaning, it avers the unqualified legal title and ownership of the lands to be in the plaintiff, and that the defendants, *Simpson* have no right or valid claim of title thereto, either at law or in equity. The demurrer to the first count, of course, admits these facts; and the question then arises, whether the count states any cause of action in equity. It appears from the same count that the plaintiff is not in possession of the lands, but that the defendants *Samuel* and *Sydney Simpson* are; and they demur to the pleading because it does not state facts sufficient to constitute a cause of action. It would seem that their demurrer is well taken. The plaintiff having the legal title, and neither averring nor admitting any equitable title or interest in these defendants, and not being himself in possession of the lands, but the same being adversely held and possessed by the defendants, cannot maintain his suit in equity against them. He has an adequate and unquestionable remedy at law, by his action of ejectment; and to that action he must resort. It is only the person having the possession and legal title to the land who may institute his suit *quia timet* in equity against any other person setting up a claim of title thereto. R. S., ch. 141, sec. 29; *Maxon v. Ayers*, 28 Wis., 612. The first count sets up no other cause or ground for equitable relief than such claims and pretenses, which are apparently unfounded; and it will be time enough for the plaintiff to meet and refute them when interposed, if they should be, by way of equitable defense to his action of ejectment, which he may commence at any moment.

The first count being demurrable because it states no cause of action, it follows that there is no misjoinder of causes of action, and consequently, that the demurrer on the latter ground

cannot be sustained. It is only where the inconsistent counts each state a good cause of action, that the demurrer for misjoinder or multifariousness will hold. *Bassett v. Warner*, 23. Wis., 673 ; *Truesdell v. Rhodes*, 26 id., 215.

*By the Court.*—The order overruling the demurrer is reversed, and the cause remanded with directions that the demurrer to the first count of the complaint be sustained.

A motion for a rehearing was denied, and the following opinion filed, at the January term, 1872.

DIXON, C. J. Upon re-examining the first count of the complaint, it still seems not surprising that the nature of the cause of action stated in it, or intended to be, was the subject of solemn inquiry and careful study on the part of this court. If, as now appears from the argument of the learned counsel for the plaintiff on motion for a rehearing, the intention clearly was to state a cause of action at law, or in ejectment, as the claim is, there are certainly many averments and facts alleged in the count, which, to say the least, are well calculated to bewilder and mislead as to the true intention of the pleader. If the intention was, as is now avowed, to state a legal cause of action, which, upon the facts alleged, could only be ejectment, clearly nothing could be more apt to puzzle and embarrass than the averments found in folios forty-six and forty-seven of the count, which are only suited to an action in equity for the foreclosure of a mortgage or other lien upon land, and which read as follows :

" And the said plaintiff further shows upon information and belief, that no proceedings have been had at law to recover the money or other property secured by said mortgages or any part thereof; that the defendants *Ransom Ragan* and *Sophia A. Ragan, Cyrus H. McCormick* and *Leander McCormick* have or claim to have some right, title or interest in or to said premises or some part thereof, but which is subject and subordi-

nate to the rights and interests of the said plaintiff therein; that the said deed of conveyance executed and delivered by said *Sophia A. Ragan* aforesaid, and the possession of said plaintiff under the same, operated as an assignment of all her right, title, interest, claim and demand in and to said premises, and to the said several sums paid by her for taxes thereon, and to the obligations secured by said mortgages, and by the said deed so executed and delivered to her as aforesaid, *if the same be adjudged to be a mere mortgage and security*, and not an extinguishment of the equity of redemption of the said *Simpsons* in and to the said premises."

Considering the purpose of the pleader to have been to declare in ejectment for the land upon the legal title, it must be admitted, we think, that the presence of averments like these and others not less inappropriate to that form of action, was well adapted to perplex and confuse. The complaint in ejectment is a short pleading, the form and averments of which are regulated by statute, and which for the present case, in the statutory form, would scarcely have exceeded one folio; whilst this complaint or count exceeds forty-eight folios.

But, be these things as they may, or the doubts which existed in the mind of the court as to the object and intent of the pleading never so ill founded, we are still of opinion that the motion for a rehearing must be denied. Considering the design to have been to declare in ejectment, the count fails entirely to comply with the statutory requirements of the complaint in such action; and the learned counsel are quite mistaken when they say or assume that the former opinion held the pleading sufficient for that purpose, or that a good cause of action in ejectment was stated. A perusal of the opinion, even the most hasty, will show this mistake. The labor there was to demonstrate that the count stated no cause of action in equity, and with that conclusion the court rested, and in that conclusion counsel acquiesce.

In arriving at such conclusion, and as part of the process of

demonstration or argument, it became necessary for the court to show, upon the facts as pleaded and admitted by the demurrer, that the supposed cause of action was legal and not equitable, and that the remedy of the plaintiff was by action at law and not by suit in equity. Such was the scope and purpose of the reasoning, and nothing other or further. The object was to show that ejectment was the proper remedy, but not that this was such an action, or the first count a complaint in ejectment. It was held that the plaintiff had "an adequate and unquestionable remedy at law by his action of ejectment, and to that action he must resort;" but it was not held that this was such an action, nor was the case considered or examined in any such light. We must confess that it did not occur to us at all that the pleading was a count in ejectment, or designed to be; and now, upon examining it, we find very clearly that it is not. It contains none of the essential averments prescribed by the statute for such a complaint. R. S., ch. 141, sec. 4. It was but lately that this court had occasion to consider the provisions of this statute, and the nature of its requirements; and an examination of the opinion in that case will show how very far short the pleading here comes of stating a good cause of action in ejectment, when it is understood that it contains none of the specific allegations made necessary by the statute. *Barclay v. Yeomans*, 27 Wis., 682.

As the first count, therefore, states no cause of action at law, as well as none in equity, it follows that there is no reason for changing or disturbing the decision already made, and that the motion for a rehearing should be denied.

*By the Court.*—Motion denied.