Platto vs. Jante and another.

---

## PLATTO vs. JANTE and another.

EJECTMENT: *Complaint under sec. 3, ch. 141, R. S.*

In every action to recover real property brought under sec. 3, ch. 141, R. S., the complaint must contain the averments required by sec. 4 of that chapter, including the averment that defendant "unlawfully withholds the possession" of the premises claimed; although such premises may not be "actually occupied" at the commencement of the action. 27 Wis., 682; 29 id., 338.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint avers that the plaintiff "hath an estate, and is the owner in fee simple, of, in and to, the following described real estate [describing it], and is entitled to the possession thereof, and that the defendants * * * unlawfully claim to be the owners in fee simple, thereof, and title thereto, to the damage of the plaintiff. Wherefore the plaintiff prays for the judgment of this court against the defendants that they do forthwith surrender said unlawful claim of ownership and title, and pay the costs of this action."

Defendants demurred to the complaint as not stating facts sufficient to constitute a cause of action; the demurrer was sustained, and plaintiff appealed.

*J. V. V. Platto,* appellant, in person:

This action is brought under the last clause of sec. 3, ch. 141, R. S., and the allegations of the complaint follow the ex-

act language of the statute, and are therefore sufficient both in form and substance. *Jarvis v. Hamilton*, 16 Wis., 574; *Howland v. Supervisors*, 19 id., 247; *Elliott v. Jackson*, 3 id., 649; *Platto v. Cady*, 12 id., 461; *Barclay v. Yeomans*, 27 id., 682; *Lee v. Simpson*, 29 id., 334; *Hill v. Kricke*, 11 id., 442; *Knox v. Cleveland*, 13 id., 245; *Jones v. Collins*, 16 id., 595; *Eaton v. Tallmadge*, 24 id., 217; *Banyer v. Empie*, 5 Hill, 48; Barbour on Parties, 265–6–9.

*Johnson & Rietbrock*, for respondents:

Sec. 3, ch. 141, R. S., purports merely to designate the persons against whom and the cases in which ejectment may be maintained. The rule of pleading in all of the cases mentioned in that section is prescribed by section 4 of the same chapter, and by that rule the complaint in this action is clearly insufficient. *Barclay v. Yeomans*, 27 Wis., 682; *Lee v. Simpson*, 29 id., 333. It is also insufficient as a bill *quia timet*. *Wals v. Grosvenor*, 31 Wis., 681.

RYAN, C. J. The second clause of sec. 3 of ch. 141, R. S., authorizes the action of ejectment, in certain cases, against persons not in actual possession. Sec. 4 requires the complaint in the action to aver that the defendant unlawfully withholds the possession of the premises.

In this case, the appellant claims to have framed his complaint under sec. 3, and contends that it is well framed because it follows the words of that section. The respondents reply that sec. 3 merely gives the right of action, but that the rule of pleading the right is given by sec. 4, which the complaint confessedly does not follow.

This is not an open question in this court. Every complaint under sec. 3 must contain the averments prescribed by sec. 4. *Barclay v. Yeomans*, 27 Wis., 682; *Lee v. Simpson*, 29 id., 338; *Wals v. Grosvenor*, 31 id., 681.

It is true that sec. 4 requires an averment not strictly true in fact, in such a case as this, brought under the second pro-

vision of sec. 3. But the former section is imperative. And the position of the appellant, not without much force in itself, is, in the language of the court in *Barclay v. Yeomans,* " an argument rather to be addressed to the legislature, against the wisdom of the provision as it now stands, than one for the consideration of the courts."

It is not claimed that the complaint is under sec. 29 of the same chapter. It would be equally defective under that section. *Wals v. Grosvenor, supra.*

*By the Court.* — The order of the court below, sustaining a demurrer to the complaint, is affirmed.