METHODIST EPISCOPAL CHURCH OF ASHLAND, WISCONSIN, Respondent, vs. THE NORTHERN PACIFIC RAILROAD COMPANY, Appellant.

*November 7 — November 25, 1890.*

*Ejectment: Pleading: Right to possession: Mesne profits.*

1. Under sec. 3077, R. S., the complaint in ejectment must show that the plaintiff is entitled to the possession of the premises at the commencement of the action.   It is not enough that it alleges that the defendant now unlawfully withholds possession from the plaintiff.

2. A complaint in ejectment, praying for the recovery of the land and of mesne profits, but failing to show that the plaintiff was entitled to possession at the commencement of the action, cannot be upheld as stating a cause of action in trespass for mesne profits.

APPEAL from the Circuit Court for *Ashland* County.

This action is to recover possession of a certain lot in the city of Ashland, and damages for withholding possession thereof from plaintiff.   It is alleged in the complaint that

on May 20, 1874, the plaintiff was seized in fee and possessed and entitled to possession of the lot; that "while the plaintiff was so seized the defendant afterwards, on the 25th day of December, 1884, and without right or title, entered into possession of the demanded premises, and ousted and ejected plaintiff therefrom, and now unlawfully withholds the possession thereof from the plaintiff, to its damage in the sum of three hundred dollars;" and that the value of the rents and profits of the lot since such disseisin is $300. Judgment is demanded (1) for the recovery of the lot and $300 damages for withholding the possession thereof; and (2) for $300 rents, issues, and profits thereof.

The defendant demurred specially for alleged want of legal capacity in plaintiff to sue, and for defect of parties; and generally for the alleged reason that the complaint does not state a cause of action. The circuit court overruled the demurrer, and the defendant appeals from the order in that behalf.

The cause was submitted for the appellant on the briefs of *Catlin & Butler*, and for the respondent on that of *John F. Dufur*.

LYON, J. The special causes of demurrer assigned are abandoned. The only question to be determined is, Does the complaint state a cause of action? It is alleged therein that in 1874 the plaintiff was seised in fee and possessed and entitled to the possession of the lot in controversy, but, in the portion which charges defendant with having disseised the plaintiff in 1884, the plaintiff's seisin at the time is alleged, but there is no express allegation that it was then entitled to the possession,— much less that it was so entitled when the action was commenced. The statute provides that the complaint in ejectment shall specify, among other things, that the plaintiff is entitled to the possession of the premises demanded. R. S. sec. 3077. This means, of course,

that he is so entitled at the commencement of the action. Such averment is essential to the right of action, and the want of it is not supplied by the statement that the defendant now unlawfully withholds possession of the lot from the plaintiff. The same averment was contained in the complaint in *Barclay v. Yeomans*, 27 Wis. 682; but it was held not a compliance with the statute requiring the complaint to specify that the plaintiff is entitled to possession of the premises claimed. For want of the latter averment, a demurrer to the complaint was sustained. The rule in that case has been steadily adhered to by this court, and it is now too late to disturb it.

Counsel for defendant contends that the complaint may be sustained on the theory that it contains a good cause of action in trespass for mesne profits. The position is untenable. Mesne profits are recoverable in an action of ejectment, under sec. 3082, R. S., as incident to the recovery of the land claimed. It may well be doubted whether, while the defendant remains in possession of the land after a disseisin, mesne profits can be recovered in an independent action, at least before the plaintiff's title is established in an ejectment suit. This complaint was evidently framed under sec. 3082. It is for the recovery of the lot in controversy, and, as incident thereto, the mesne profits as damages. The complaint is clearly in ejectment, and because of the omission of the averment above mentioned it is insufficient.

*By the Court.*— The order overruling the demurrer to the complaint is reversed, and the cause will be remanded with directions to the circuit court to sustain the demurrer.