MASH, Respondent, vs. BLOOM, Appellant.

*November 9—December 13, 1907.*

*Ejectment: Complaint: Necessary allegations: Demurrer: Deeds: Conditions subsequent: Breach: Forfeiture: Remedies: Right of action.*

1. The statutory requirements for a complaint in ejectment must be strictly complied with.

2. A complaint in ejectment which not only fails to allege the plaintiff's estate or interest in the premises or that plaintiff is entitled to their possession, but which negatives a right to recover at the time of the commencement of the action by alleging a conveyance of the property to the defendant on condition subsequent, and fails to allege any action evincing a purpose on plaintiff's part to revest herself of her former estate because of forfeiture on account of condition broken, is demurrable.

3. Under a conveyance of land containing a condition subsequent there can be no withholding of the premises until the plaintiff has elected to take advantage of a breach of the condition and so notified the grantee, either by demand of possession or some other act equivalent to a re-entry for condition broken. Until that is done no right of action to recover possession of the premises exists.

4. A person entitled to an estate on breach of a condition subsequent may decline to take advantage of the failure to perform, in which event the estate is not defeated, because the mere failure to perform a condition subsequent does not divest the estate.

5. Where plaintiff's right to lands depends on a breach of a condition subsequent, the provisions of sec. 3079, Stats. (1898), governing actions of ejectment (that it shall be sufficient to show a right to the possession at the time of the commencement of the action as "heir, devisee, purchaser, or otherwise"), do not obviate the necessity of showing that a right of possession under such breach, and a revesting of the former title by re-entry or its equivalent, was vested in the plaintiff when the action was commenced.

6. Revesting of title upon the breach of a condition subsequent does not require an actual re-entry on the land, but does require at least a rescission of the deed by the grantor and an assertion in some form by him of his purpose to repossess himself of his former estate, notice thereof to the grantee, and demand of possession or its equivalent.

[SIEBECKER and TIMLIN, JJ., dissenting, are of the opinion that, for breach of a condition subsequent, the bringing of an action of ejectment to recover possession stands in lieu of actual entry and demand for possession, and hence that the facts alleged in the complaint were sufficient to entitle plaintiff to maintain her action.]

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This is an action of ejectment brought to recover certain real estate described in the complaint as follows: The northeast (N. E.) one-half ($\frac{1}{2}$) of lot five (5) in block 153 of the city of Madison, Wisconsin. The defendant demurred to the complaint on the grounds that the court had no jurisdiction of the subject matter for the reason that the plaintiff had a complete and adequate remedy at law, and for want of facts sufficient to constitute a cause of action. The defendant appeals from an order overruling the demurrer.

For the appellant there were briefs by *Tenney, Hall & Tenney,* and oral argument by *F. W. Hall.*

*Frank E. Parkinson,* for the respondent.

KERWIN, J.   The complaint is very voluminous, setting forth in detail transactions between plaintiff and defendant and facts and circumstances relating to the property, much of which is wholly immaterial upon this appeal.   The substance of the complaint, so far as material here, is to the effect that on November 23, 1904, plaintiff was the owner of the real estate in question, and that on said day she conveyed the property to the defendant by warranty deed.   The consideration for said deed is alleged in the complaint to be love and affection and one dollar, which one dollar it is alleged was not paid, and the further special consideration to the effect that defendant and his wife were to care for plaintiff, minister to her wants, look after her household affairs, and do and perform divers other things mentioned in the agreement between the parties.   The deed further provided that the defendant and his wife, during the life of plaintiff, should live in the house on the premises and be good and kind to plaintiff, take care of her, and minister to her wants during her life as good, loving, and affectionate children would do for parents.   It is alleged that defendant and his wife have failed to carry out and perform the considerations and conditions of said deed.   The complaint further alleges:

"The plaintiff here elects to rescind and does here rescind said deed and all contracts and agreements therein contained or relating to the matters and things therein contained, because of the breaches, matters, and things hereinbefore stated and set forth in this complaint, and she now claims her right to re-enter the northeast half of said lot 5 in the same right and manner as she would have and be entitled to do had said deed never been made, executed, or delivered by the plaintiff to the defendant as aforesaid."

The complaint also contains the following allegations:

"Defendant does now and he has wrongfully and unlawfully withheld possession of the said premises from the plaintiff, to her great wrong and damage."

And again:

"That the defendant does now and he has wrongfully and unlawfully retained possession of the northeast half of the said lot 5 and has unlawfully deprived the plaintiff of the use and possession thereof."

The complaint prays that "the plaintiff's right, interest, and title . . . may be found and determined by the court and the final judgment herein."

The complaint fails to state the statutory requirements for a complaint in ejectment, and especially in the following particulars, namely: As to the plaintiff's estate or interest in the premises or that plaintiff is entitled to the possession of the premises. It is well settled that the requirements of the statute in complaints in ejectment must be strictly complied with. *Barclay v. Yeomans,* 27 Wis. 682; *Lee v. Simpson,* 29 Wis. 333; *Platto v. Jante,* 35 Wis. 629; *Wilson v. Henry,* 40 Wis. 594; *M. E. Church v. Northern P. R. Co.* 78 Wis. 131, 47 N. W. 190. Not only has the plaintiff failed to allege in her complaint the statutory requirements, but she has negatived a right to recover at the time of the commencement of action by showing a conveyance of the property to defendant on condition subsequent, and failure to show in the complaint any action evincing a purpose on her part to reinvest herself of her former estate because of forfeiture on account of condition broken. There could have been no wrongful withholding of the premises until the plaintiff elected to take advantage of condition broken and so notified the defendant, either by demand of possession or some other act equivalent to a re-entry for condition broken. Until this was done no right of action to recover possession of the premises existed. This doctrine has often been recognized by this court and is supported by the authorities cited in respondent's brief. *Drew v. Baldwin,* 48 Wis. 529, 533, 4 N. W. 576; *Pepin Co. v. Prindle,* 61 Wis. 301, 21 N. W. 254; *Gilchrist v. Foxen,* 95 Wis. 428, 70 N. W. 585; *Rogan*

*v. Walker,* 1 Wis. 527; 4 Kent, Comm. (7th ed.) 131; *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; *Maginnis v. Knickerbocker I. Co.* 112 Wis. 385, 88 N. W. 300; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671; *Nicoll v. N. Y. & E. R. Co.* 12 N. Y. 121.

In *Wanner v. Wanner, supra,* this court, in speaking of the effect of breach of condition subsequent in a case quite similar to the one before us, said:

"In such cases it has become the settled doctrine of this court that, when it appears that a substantial part of the consideration for the transfer was the agreement on the part of the son to render to the parent personal services and care, this agreement will be treated by a court of equity as a condition subsequent, and, if it be substantially broken through fault of the son, a reversion of title will take place by re-entry or its equivalent, and the deed will be set aside."

In the case before us the entire title passed to the defendant upon a condition subsequent. No estate remained in the grantor. There remained only a possibility of reverter, which could ripen into a title only by breach of condition subsequent and re-entry or its equivalent. In *Nicoll v. N. Y. & E. R. Co.* 12 N. Y. 121, the court said (p. 131):

"A mere failure to perform a condition subsequent does not divest the estate. The grantor or his heirs may not choose to take advantage of the breach, and until they do so, by entry, or by what is now made by statute its equivalent, there is no forfeiture of the estate. This was the common law, and it has not been altered by statute so as to give a right of entry to an assignee in any instance not coupled with a reversionary interest, as in the cases of estates for years and for life, except in cases of leases, or rather of grants in fee, reserving rent."

So, too, the grantor may waive his right of re-entry and thereby lose the condition of his grant. *Maginnis v. Knickerbocker I. Co.* 112 Wis. 385, 88 N. W. 300.

In addition to the foregoing cases, to which our attention

has been called by respondent's counsel, we are also cited to *Austin v. Cambridgeport Parish,* 21 Pick. 215; *Dana v. Dana,* 185 Mass. 156, 70 N. E. 49; and *Allen v. Howe,* 105 Mass. 241. *Austin v. Cambridgeport Parish, supra,* merely holds that the statutes of Massachusetts modify the strict rule of the common law respecting the actual re-entry for condition broken, and that under the statute the demandant is no longer required to prove an actual entry in those cases where such entry was necessary at common law. In *Allen v. Howe, supra,* it appears there was an entry in May, 1869, and the suit was commenced in August, 1870, and we cannot see that this case in any way supports the respondent's position. In *Dana v. Dana,* 185 Mass. 156, 70 N. E. 49, the estate conveyed was a life estate, the grantor retaining a reversionary interest. Moreover, the question before us is not touched in the case. The decisions of this court heretofore referred to clearly recognize and assert the doctrine that for breach of condition subsequent similar to the one in the deed in the instant case a re-entry or its equivalent is necessary in order to revest title; and there is abundant authority elsewhere to the same effect. 2 Washb. Real Prop. (6th ed.) § 957; Tiedeman, Real Prop. (3d ed.) § 207; 3 Kerr, Real Prop. § 1901; *Osgood v. Abbott,* 58 Me. 73; *Tallman v. Snow,* 35 Me. 342; *Warner v. Bennett,* 31 Conn. 468.

The person entitled to the estate on condition broken may decline to take advantage of the failure to perform, in which event the estate is not defeated, because the mere failure to perform a condition subsequent like the one in question does not in and of itself divest the estate. *Nicoll v. N. Y. & E. R. Co.* 12 N. Y. 121; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671. It would seem most unreasonable, therefore, to hold that before the title had revested, and before the grantee had any notice that the grantor desired to repossess himself of his former estate, the grantee could be subjected to action and costs. The theory of the action of ejectment is

that the defendant wrongfully withholds possession from the plaintiff. And clearly there can be no wrongful withholding before the title revests in the grantor and the grantee has notice that the grantor desires to take advantage of the forfeiture. Our statute on the subject of ejectment supports the doctrine that there must be a wrongful withholding before ejectment can be maintained, and that the plaintiff must have the right of possession when the action is commenced, and provides that the complaint shall contain such allegations. Sec. 3077, Stats. (1898). This section provides that the complaint shall state the nature and extent of plaintiff's estate or interest, whether in fee, for life, or for years, and that he is entitled to the possession of such premises, and that the defendant unlawfully withholds the possession from him. And sec. 3074, Stats. (1898), provides that no person can recover in ejectment unless he has at the time of the commencement of the action a valid subsisting interest in the premises and a right to recover the same, or the possession thereof, or some share, interest, or portion thereof. True, sec. 3079, Stats. (1898), provides that it shall be sufficient for plaintiff to show a right to the possession at the time of the commencement of the action as "heir, devisee, purchaser or otherwise." But this statute, we think, does not obviate the necessity of showing that such right was vested in plaintiff when she commenced the action and that she then was entitled to possession, and was not entitled to possession until she became revested of her former title by re-entry or its equivalent. This revesting of title does not necessarily require an actual re-entry on the land, but it does require at least a rescission of the deed by the grantor and an assertion in some form by the grantor of his purpose to repossess himself of his former estate, notice thereof to the grantee, and demand for possession or its equivalent. Otherwise the defendant may be subjected to action and costs upon

an alleged tortious act (the unlawful withholding of the premises) which he never committed.

Cases may be found in the books which appear to furnish some support for the respondent's contention, but a careful examination of them will show, we think, that they are distinguishable from the instant case. Some rest upon the express terms of the condition, others are between vendor and vendee under land contracts, others are controlled by statute or particular facts showing no notice necessary, and still others are cases where a reversion is reserved in the grantor or there is a limitation. In *Cowell v. Springs Co.* 100 U. S. 55, the continued performance of the condition was made a condition of the title by express terms and was self-executing, the nonperformance of which by its terms revested the estate in the grantor without any further act on his part. While there is a statement in the opinion in *Ruch v. Rock Island,* 97 U. S. 693, to the effect that suit may be brought without actual entry or previous demand, the opinion recognizes the doctrine that the estate remained in the grantee until consummation of the forfeiture. The court said (p. 696) :

"If the condition subsequent were broken, that did not *ipso facto* produce a reverter of the title. The estate continued in full force until the proper step was taken to consummate the forfeiture. This could be done only by the grantor during his lifetime, and after his death by those in privity of blood with him."

Under our statute the forfeiture must be consummated and title revested before ejectment can be brought. In *Cornelius v. Ivins,* 26 N. J. Law, 376, there was an express provision in the condition that the deed and estate granted should cease, determine, and become utterly void, and the premises revert to the grantors, their heirs and assigns, and revest in them in as full and ample a manner as if the deed had not been made. Other cases where it is held re-entry or its

equivalent is not necessary, where the question arose between vendor and vendee under land contracts, are *Dean v. Comstock,* 32 Ill. 173; *Seabury v. Stewart & Easton,* 22 Ala. 207; *Hotaling v. Hotaling,* 47 Barb. 163; *Olcott v. Dunklee,* 16 Vt. 478.

We think none of these cases are controlling here. Under our statute, in order to maintain ejectment the plaintiff must have the right of possession when he begins the action, and such right does not exist in a case like the one before us until there is a reversion of title. The complaint does not contain the necessary allegations provided by statute, and the facts pleaded show that at the time of the commencement of the action plaintiff had not taken advantage of the forfeiture by re-entry or its equivalent, so as to reinvest herself of her former estate, and therefore she neither had title or the right of possession, nor was the defendant unlawfully withholding possession. For the reasons stated we think the demurrer should have been sustained.

*By the Court.*—The order appealed from is reversed, and the action remanded for further proceedings according to law.

The following opinion was filed January 9, 1908:

Siebecker, J. (*dissenting*). I cannot concur in the decision of the court holding that the action of ejectment cannot be maintained because the complaint does not allege, upon breach of the condition subsequent in the deed, a re-entry or a demand for possession by the plaintiff. The opinion declares that the complaint is defective in not alleging that plaintiff has an estate or interest in the premises or that she is entitled to the possession thereof, and asserts that she has negatived any right to maintain ejectment under the allegations of facts, which show that she has not re-entered the premises for the breach of the condition, de-

manded possession thereof, or done some other equivalent
act by which she has become revested of her former title.
It is also stated that:

"It would seem most unreasonable, therefore, to hold that
before the title had revested, and before the grantee had any
notice that the grantor desired to repossess himself of his
former estate, the grantee could be subjected to action and
costs. . . . Clearly, there can be no wrongful withholding
before the title revests in the grantor and the grantee has no-
tice that the grantor desires to take advantage of the for-
feiture."

The position is taken by the court that the plaintiff has
not sufficient interest in the premises to entitle her to bring
ejectment under our statute. The complaint concededly
alleges sufficient to show that she owned the fee to the prem-
ises, that she conveyed it to defendants by deed upon condi-
tion subsequent, that the defendants have breached the con-
dition, and that the plaintiff is entitled to enforce the for-
feiture.

The case is thus reduced to the one question: Can
plaintiff maintain ejectment without actual re-entry of the
premises, or, in default thereof, without giving notice that
she elects to insist on the forfeiture and demands possession
of the premises, or its equivalent? As stated in the opinion,
the estate of the grantee is not absolutely terminated by the
mere breach of the condition, and does not, because of the
breach, *ipso facto,* revert to the grantor. That it requires
an actual re-entry, or some act equivalent thereto, to effect
a complete reverter of the estate granted, is unquestionably
the rule established under the adjudications; but to hold
that such reverter cannot be accomplished by the bringing
of an action of ejectment to recover possession is, in my
opinion, contrary to the decisions extending back into the
common law before being adopted in this country. The
right to bring ejectment for the recovery of possession of
land, without a previous demand for possession being made,

in cases of breach of condition subsequent in a deed of the fee, is affirmed in the decisions and is distinguished from cases of breach of condition in grants where the relation of landlord and tenant exists. In the latter class of cases, where the tenant has acquired possession by assent and no certain tenancy has been provided for, the courts are in accord that ejectment to recover possession of the premises cannot be maintained without such demand and notice. Sedg. & W. Trial of Title to Land (2d ed.) § 372 *et seq.;* 17 Am. Dig. col. 2074, § 79; *Jackson v. Deyo,* 3 Johns. 422; *Jackson v. Miller,* 7 Cow. 747.

The position taken by the court is that the grantor in a deed containing a condition subsequent has no interest or estate in the premises after breach of such condition, and that in the case at hand the grantor is, under the facts alleged, without any interest in the land, and hence does not meet the demands of the statute providing that a plaintiff in ejectment must have title or an interest in the premises and be entitled to the possession thereof, which is unlawfully withheld by the defendant. That the plaintiff in such an action is not required to have an interest in fee, dower, for life, or term of years (which are specifically mentioned in the statute), is decided in *Bates v. Campbell,* 25 Wis. 613, where it was held that the statute did not abrogate the well-settled rule of law that other estates and interests, such as possession under a claim of right, were sufficient to sustain the action. This construction is strongly supported by the express provision of sec. 3079, Stats. (1898), that it shall not be necessary for a plaintiff in ejectment "to prove an actual entry under title nor the actual receipt of any profits of the premises demanded, but it shall be sufficient for him to show a right to the possession of such premises at the time of the commencement of the action as heir, devisee, purchaser or otherwise." That the plaintiff in this case has a sufficient interest to comply with the statutory requirements seems to

follow, for the grantor, after breach of condition subsequent in a deed, has an interest in and right to the premises, which can be perfected into a complete title by the election of the grantor or of those who stand in his place. . 2 Washb. Real Prop. (6th ed.) § 968; Kerr, Real Prop. § 1894 *et seq.;* Sedg. & W. Trial of Title to Land (2d ed.) § 212.

Under such circumstances it is only necessary for the grantor to elect to enforce his right to the premises, and it has been held that this can be done by bringing ejectment to recover possession. No case is cited in the opinion where it was held, after breach of condition subsequent, that eject-ment could not be sustained unless there had been a re-en-try or demand and notice. The rule that the commencement of ejectment takes the place of entry or demand and notice is shown in the following cases: *Jackson v. Crysler,* 1 Johns. Cas. 125, was an action of ejectment to recover the premises in defendant's possession. The condition in the deed was for the maintenance of plaintiff and wife, and there was default in the performance. With respect to the necessity of an actual entry to entitle plaintiff to recover it is said:

"There was formerly much contrariety in the cases on this subject; but it seems to be settled by repeated decisions for near a century that the confession of lease, entry, and ouster is sufficient to maintain an ejectment for a condition broken, and that an actual entry is not necessary to be shown in any case, except to avoid a fine."

Our statute, having abolished the necessity of confession of lease, entry, and ouster, and requiring only that plaintiff show a right to possession, conforms the terms of the statute to the modern rule permitting ejectment to enforce this right. As stated in *Jones v. Carter,* 15 M. & W. 718, 726:

"But, even supposing no consent rule to have been entered into, we think that the bringing of an ejectment for a for-feiture, and serving it on the lessee in possession, must be considered as the exercise of the lessor's option to determine the lease."

In *Cornelius v. Ivins,* 26 N. J. Law, 376, ejectment to recover land for forfeiture under condition in a deed, it was held:

"As a general rule, it is not necessary to make an actual entry on land in order to maintain the action of ejectment. The *right* to entry, not an *actual entry,* is requisite to sustain the action [citing]. And even where, upon strict common-law principles, an entry is necessary, as in the case of the forfeiture of an estate upon condition, to complete the title, an actual entry is not necessary to maintain ejectment. . . . As an actual entry on the land is but a formal and unmeaning ceremony, devoid of any practical meaning and unattended by any real advantage, there can be no utility in enforcing it, however strong the technical reason in support of it."

After the statement above given, the court expressly approves *Goodright v. Cator,* 2 Doug. 477, 485, in which the opinion was to the same effect.

Reference is made in the opinion of the court to the case of *Cornelius v. Ivins* and other cases like it, and it is held that they differ from the simple condition subsequent because by the terms of the conditions in these cases the estate is to cease, determine, and become utterly void, and the premises to revert to the grantor and to revest as if the deed had not been made. As I read this and the other cases, they do not hold that a reverter takes place without action by the grantor in the exercise of his option. It is therein expressly recognized that no estate reverts *ipso facto* from the breach, but that reverter does take place by bringing ejectment without prior entry, or demand and notice. It seems to me that the construction put upon these cases in the opinion of the court classes them as conditional limitations, and that the decisions expressly negative the idea that they are of this class. They are inherently distinct from cases of conditional limitation. This distinction is stated by Washburn in his Real Property (§ 970) to be as follows:

"In either case the estate is a conditional one.  But in the one, though the event happen upon which the estate may be defeated, it requires some act to be done, such as making an entry, in order to effect this.  In the other, the happening of the event is, in itself, the limit beyond which the estate no longer exists, but is determined by the operation of the law without requiring any act to be done by any one."

I do not find any of the elements in the condition in *Cornelius v. Ivins* and like cases upon which it can be said that the grantee's estate was "determined by the operation of the law without requiring any act to be done by any one."

In the case of *Cowell v. Springs Co.* 100 U. S. 55, referred to in the court's opinion, where, upon breach of condition subsequent in a deed, ejectment was brought to. recover the premises without a previous entry and demand, the court declares:

"By statute in Colorado it is sufficient for the plaintiff in ejectment to show a right to the possession of the demanded premises at the commencement of the action as heir, devisee, purchaser, or otherwise.  The *commencement of the action there stands in lieu of entry and demand of possession.*" (The italics are mine.)

The statute of Colorado regulating ejectment, which was applied in that case, is essentially like the Wisconsin statute, and it will be observed that the court in that case declares that commencement of the ejectment action stands *in lieu* of entry and demand for possession.  *Union Pac. R. Co. v. Cook,* 98 Fed. 281, is an action of ejectment upon breach of condition subsequent in a deed.  In the opinion of THAYER, circuit judge, it is stated:

"It is true, no doubt, that the grantor of an estate upon a condition subsequent is no longer bound to make a formal entry for breach of condition, but may sue to recover the possession if the condition is not fulfilled within the time limited.  According to the modern view, the commencement of a suit in ejectment by the grantor takes the place of a formal entry and demand of possession,"—citing cases.

In *Ruch v. Rock Island,* 97 U. S. 693, it is stated that in cases of breach of condition subsequent which do not *ipso facto* produce a reverter of the title, a right of action subsists from the time of breach, and "bringing suit for the premises by the proper party is sufficient to authorize a recovery without actual entry or a previous demand of possession." This rule is approved in *Atl. & Pac. R. Co. v. Mingus,* 165 U. S. 413, 430, 431, 17 Sup. Ct. 348. The same rule is declared in *Ellis v. Kyger,* 90 Mo. 600, 3 S. W. 23.

Much stress is laid in the opinion of the court in the case at hand on the case of *Nicoll v. N. Y. & E. R. Co.* 12 N. Y. 121, which holds that mere failure to perform a condition subsequent does not divest title, and that there must be an entry or some equivalent act to produce a reverter, and that such action is optional with the grantor. This rule is not controverted; but it does not necessarily follow from this that commencement of ejectment is not the equivalent of a re-entry or demand and notice. That point was not presented for decision. Nor does this case negative the rule that ejectment takes the place of entry or demand for possession. The subsequent cases in the same court of *Hosford v. Ballard,* 39 N. Y. 147, and *Cruger v. McLaury,* 41 N. Y. 219, recognize the rule that ejectment for recovery of premises for condition broken for reservation of rent upon a grant in fee takes the place of entry or demand under the law of that state. Both of these cases are akin to the instant one in reserving a right against the grantees in the nature of a charge against them with forfeiture of estate in case of failure to comply therewith. The cases of *Drew v. Baldwin, Pepin Co. v. Prindle, Gilchrist v. Foxen, Rogan v. Walker, Glocke v. Glocke, Maginnis v. Knickerbocker I. Co.,* and *Wanner v. Wanner,* all cases in this court, are cited to the proposition:

"There could have been no wrongful withholding of the premises until the plaintiff elected to take advantage of condition broken and so notified the defendant, either by de-

mand of possession or some other act equivalent to a re-entry for condition broken. Until this was done no right of action to recover possession of the premises existed."

In none of these cases was the question raised, presented, or decided as to whether commencement of the ejectment suit was the equivalent of or took the place of an entry or demand for possession. It therefore seems to me that they are not authorities to the proposition stated, that no right of action to recover possession existed in the instant case until plaintiff had given defendant notice by demand for possession or by some other act equivalent to re-entry for condition broken.

The cases herein referred to are seemingly conclusive to the effect that a right of action subsists upon breach of condition and that the commencement of the ejectment suit takes the place of an actual entry or demand for the premises, and is treated in law as the equivalent thereof. I believe myself justified in saying that none of the cases cited by the court expressly determines this point or necessarily negatives the rule as declared in the above cases. The complaint stated facts showing a grant of the fee by plaintiff upon condition subsequent, that defendants had defaulted by failure to comply with the condition of the deed, that they now withhold the possession from plaintiff, and that she has brought this action of ejectment to recover possession thereof. These facts, in my opinion, are sufficient to entitle her to maintain ejectment, because the commencement of this action stands in lieu of an actual entry and demand for possession.

The argument that defendants, under such a practice, might be unreasonably subjected to costs seems to me of no sufficient weight to be determinative of the point raised. When defendants defaulted in performance of the condition they forfeited any right to be further protected in the enjoyment of the estate and to protection against costs of litigation.

For these reasons I cannot concur in the decision of the

court sustaining the demurrer to the complaint and reversing the order of the lower court overruling it.

TIMLIN, J.    I concur in the foregoing dissenting opinion of SIEBECKER, J.