[No. 3666.]

## TEBOW v. TELLER ET AL.

EJECTMENT—*Complaint—Plaintiff's. Title.* The complaint in an action for the recovery of lands must comply with the provisions of the code (Mills' Code, Sec. 267; Rev. Code, Sec. 286). A complaint averring the filing by plaintiff with the state engineer, on a day named, of a preliminary map and description of a reservoir site, upon particular lands described; the commencement of work thereon within six days thereafter; the diligent prosecution thereof, and continuous peaceable possession until ousted; that plaintiffs had "endeavored to find the owners of the fee in such lands, for the purpose of purchasing or condemning the same," and that "the estate of plaintiff * * * consists of a lawful filing for a reservoir site, under the law, with the right by purchase or condemnation proceedings to acquire the said land from the owners," shows no estate whatever in plaintiff, and is not a compliance with the statute.

*Semble* that the statute of Forcible Entry might be successfully invoked.

*Appeal from Pueblo District Court.* HON. C. S. ESSEX, Judge.

Mr. THEO. H. THOMAS, for appellant.

Messrs. DUGAN & BRAYTON, and Mr. HARRY E. PRATT, for appellees.

HURLBUT, J., delivered the opinion of the court.

April 5, 1910, appellant (plaintiff below) filed his second amended complaint against appellees for possession of a reservoir and reservoir site. Neither the abstract nor transcript of record shows when the suit was commenced, but, for the purpose of deciding this appeal, we will assume the suit to have been begun on the date mentioned.

The complaint alleges substantially that at all times mentioned therein plaintiff is and was the owner and entitled to the possession of The Pueblo Reservoir and Reservoir Site, situate in Pueblo county; that the reservoir

and reservoir site embrace certain lands, therein described; that plaintiff did not own the fee title to the lands mentioned, but had endeavored, both before and after the suit was brought, to find the owners of the fee title thereto, for the purpose of purchasing or condemning such fee title; that the estate of the plaintiff in said property and premises consists of a lawful filing for a reservoir and reservoir site under the law, with a right either by purchase or by condemnation proceedings to acquire the fee title thereto; that on March 6, 1907, plaintiff located and filed upon said reservoir and reservoir site, and, on August 12, 1907, filed a preliminary map and statement of the same with the state engineer; that ever since March 6, 1907, to the time he was ousted by defendants, he had been in the quiet and peaceable possession and enjoyment of said reservoir and reservoir site; that plaintiff never abandoned or forfeited his right or claim to the same; that he commenced constructing said reservoir on March 12, 1907, and has at all times diligently prosecuted the work of constructing and building the same; that plaintiff is entitled to the immediate possession of the reservoir and site; and that the same were of the value of $60,000. The complaint further alleges, on information and belief, that in January, 1909, defendants, without right or authority, without the knowledge or consent of plaintiff, and against his wishes, wrongfully took possession of the reservoir and site, deprived plaintiff of the use and possession of the same, and are still in such possession; that defendant, The Teller Reservoir and Irrigation Co., a Colorado corporation, was organized after the ouster of plaintiff as aforesaid; that on or about April 6, 1909, defendant, John C. Teller, conveyed or caused to be conveyed to said company The Pueblo Reservoir and Reservoir Site, and that, at the time, the company had knowledge of plaintiff's right, title, interest and ownership, in and to the same; that ever since

June 1, 1909, the company, in common with its co-defendants, has held possession of the reservoir and site against plaintiff; that plaintiff did not learn of the organization of said company, and the transfer to it of the reservoir site, until on or about March 1, 1910. Prayer that the company be made party defendant; that injunction issue, restraining defendants from interfering with the reservoir and site, or plaintiff's possession and right of possession to the same; that defendants be directed to turn over possession of the reservoir and site to plaintiff; that defendants be declared to be trespassers on plaintiff's property; that, if possession cannot be delivered, plaintiff have judgment for the value of the reservoir and site in the sum of $60,000; and for general relief.

A demurrer was interposed to the complaint, alleging, among other things, that the same did not state facts sufficient to constitute a cause of action. Upon hearing the demurrer was sustained. Plaintiff elected to stand on his amended complaint.

It seems to be clear from the complaint that at the time suit was brought plaintiff was out of possession of the lands described therein and out of possession of the so-called reservoir site, and that he sought to regain possession by and through the action commenced by him. Appellees contend, and it seems to be conceded by appellant, that this action is founded upon sec. 265, Mills' Annotated Code. That section provides, among other things, that:

"An action to recover the possession of real property may be brought in any case where an action of ejectment or a writ of right might have been brought at common law, and in any case where the plaintiff claims a legal estate in real property or lands, in fee, or for life, or for years, or claims the legal right to occupy and possess the same," etc.

Section 267, *ib.*, reads, in part, as follows:

"The plaintiff, in his complaint, shall set forth the nature and extent of his estate in the property and state whether it be. in fee, for life, or for the life of another, or for a term of years, and specifying such life or the duration of such term; or, if such plaintiff claims the legal right to occupy•and possess the premises under the local laws and rules of any mining district, or of the United States, the State of Colorado, or otherwise, the complaint shall contain a brief statement of such possessory claim," etc.

It will be observed that anyone relying upon this kind of an action must allege in his complaint, "the nature and extent of his estate in the property, and state whether it be in fee, for life, or for the life of another, or for a term of years, and specifying such life or the duration of such term," and further:

"The plaintiff shall also state that he is entitled to the possession of the premises, and that the defendant wrongfully ousted the plaintiff, or wrongfully withholds the premises from him, or both, as the facts may be," etc.

We think the complaint in this case fails to comply with the requirements of the code, in that it shows on its face that plaintiff has no title or right of possession in and to the land covered by the reservoir and reservoir site. It fails to set forth the nature and extent of plaintiff's estate in the land embracing the reservoir and reservoir site, unless the following allegation can be so considered, which is the only one that attempts to allege such estate, viz.:

"The estate of the plaintiff in said property and premises consists of a lawful filing for a reservoir and reservoir site, under the law, with a right either by pur-

chase or by condemnation proceedings to acquire the fee title to said land from the owners."

This is not equivalent to the statement required by the code, and, further, there is a total absence of a statement as to whether the estate claimed by plaintiff is "in fee, for life, or for the life of another, or for a term of years," as the code requires. The averments of the complaint show that plaintiff has no interest, title or right of possession in or to the land upon which the reservoir and site are located. According to its allegations he once had possession of the premises, but was ousted therefrom by defendants. The averments to the effect that plaintiff did not own the fee simple title to the premises, but was diligently engaged in trying to find such owner for the purpose of condemning or purchasing the same, sufficiently show the title not to be in the government, but rather in private ownership. If the complaint be tested by sec. 267 quoted, the matters required to be stated therein will be found wanting. Neither the allegations in the complaint, that at the time of ouster by defendants plaintiff had not secured the fee title to the land comprising the reservoir and site, but was diligently engaged both before and after the bringing of suit in an endeavor to find the owners of the fee simple title for the purpose of purchasing same or acquiring the title by condemnation proceedings, nor the allegation that "the estate of plaintiff in said property and premises consists of a lawful filing for a reservoir and reservoir site under the law, with a right either by purchase or by condemnation proceedings to acquire the fee title to said land from the owners, whoever the owners may be or have been," states the nature and extent of any estate in the property in question. Appellant's position seems to be that when his complaint pleads the filing of the statement and map of the reservoir and site with the state engineer he there-

by shows a legal right in him to enter the private premises of another for the purpose of constructing such reservoir. The constitution and laws of the state are both authority for the right to condemn private property as a reservoir site for private use, but a lengthy, complete and detailed proceeding for such condemnation has been enacted by the legislature, which can be found in sec. 2416 and accompanying sections, *Revised Statutes*, 1908. There is not a sentence in the complaint tending to show that plaintiff had attempted to comply with this statute. It affirmatively shows that plaintiff had no estate whatever in the land and no right of possession thereof. Plaintiff having elected to seek redress through this code proceeding, it was incumbent on him to conform his pleadings to its requirements. Having failed to do this, necessarily his action fails. It would appear from the averments of the complaint that probably the statute of forcible entry and detainer could have been successfully invoked and full relief obtained thereby.

It has been held by our supreme court that the common law rule, that in actions of ejectment plaintiff must recover upon the strength of his own title, and not upon the weakness of that of defendant, applies to actions brought under the code sections here considered.—*Chivington v. Colo. Spgs.*, 9 Colo., 597, 14 Pac., 212; *Iron Silver M. Co. v. Campbell*, 17 Colo., 267, 29 Pac., 513. This doctrine; however, is held not to apply where title is in the United States.—*Lebanon M. Co. v. Consolidated R. M. Co.*, 6 Colo., 371. In the case at bar plaintiff pleads no title or facts showing a legal right of possession in and to the land in issue. On the contrary he states he has no title therein. In *Tracy v. The Norwich and Worcester R. Co.*, 39 Conn., 382, being an action in ejectment, the court used this language:

"We, however, ought to say that we regard it as ele-

mentary law in Connecticut that in this action of disseizin or ejectment the plaintiff must recover, if he recover at all, by the strength of his own title. Ample remedies are provided by actions of trespass and by proceedings for forcible entry and detainer for the disturbance of quiet possession, and we see no good reason for any change or mitigation of the familiar rule in respect to proof of title in ejectment.''

Chapter 27, entitled ''Ejectment,'' *Revised Statutes,* Colo., 1868, is similar in many respects to chapter 23, *Mills' Annotated Code,* so much so that it is a fair presumption that, when the framers of the code were drafting that instrument, they incorporated therein a substantial part of the former chapter. In *Drake et al. v. Root,* 2 Colo., 685, the action was founded upon this chapter of the *Revised Statutes,* sec. 8 of which reads as follows:

''The plaintiff shall in every case state in his declaration whether he claims in fee, or whether he claims for his own life or the life of another, or for a term of years, specifying such life or the duration of such term,'' etc.

In construing this section, Judge Hallett, who rendered the opinion of the court, spoke as follows:

''The finding of the jury is a more serious matter, for by the seventh clause of the twentieth section of the act (R. S., 277), it is provided that the verdict shall specify the estate which shall have been established upon the trial by the plaintiff, whether in fee or for life, or a term of years, or a right of possession and occupancy only. By the eighth section, the plaintiff is required to set forth the estate which he hath in the premises; and, by the twenty-third section, the judgment is to be given according to the verdict, while in the twenty-fifth section the judgment is made conclusive as to the title established at the trial. Thus, in the pleadings, as well as in the verdict and judgment, the estate or interest of the plaintiff in

the property is made a matter of substance, which is not upon any account to be overlooked or omitted.''

*Mash v. Bloom,* 133 Wis., 646, 114 N. W., 457, 4 L. R. A. (N. S.), 487, 14 Ann. Cas., 1012, was an action in ejectment founded upon certain sections of a statute almost identical with our code section above quoted. The question there arose on a demurrer as to whether or not the complaint stated facts sufficient to constitute a cause a action. The supreme court held the demurrer to be good, reversing the lower court. The following excerpt is found in the opinion:

''The complaint fails to state the statutory requirements for a complaint in ejectment, and especially in the following particulars, namely: As to the plaintiff's estate or interest in the premises or that plaintiff is entitled to the possession of the premises. It is well settled that the requirements of the statute in complaints in ejectment must be strictly complied with (citing cases). Not only has the plaintiff failed to allege in her complaint the statutory requirements, but she has negatived a right to recover at the time of the commencement of action by showing a conveyance of the property to defendant on condition subsequent, and failure to show in the complaint any action evincing a purpose on her part to reinvest herself of her former estate because of forfeiture on account of condition broken.''

So it may be said in the case at bar that plaintiff not only has failed to allege in his complaint the requirements of the code, but he has negatived a right to recover at the time of the commencement of the action by alleging a state of facts showing that he had no right, title or estate in the premises, and no legal right to the possession of the same at the time he claims to have been ousted.

*Thompson v. Wolf,* 6 Ore., 308, was an action in the nature of ejectment, brought under a code section iden-

tical with our own. The following excerpts are taken from the opinion of the court:

"From the complaint it appears that the respondent's grantor  *  *  *  'leased and let' to the appellant 'as tenant at will or by sufferance' a certain parcel of land in Washington county. Thereafter the land was conveyed to respondent, and  *  *  *  he served appellant with notice to quit.

"Two questions arise upon this record. The first is, what is the character of the action? It cannot be regarded as an action of ejectment. In that action it is necessary that the plaintiff set forth the nature of his estate in the property, whether it be in fee, for life or for a term of years,  *  *  *  thereby enabling the courts to settle the question of title which is the great end of the action of ejectment with us. The complaint herein is entirely silent as to the nature of the respondent's estate, the recovery of the mere possession of the premises being all that is sought. Therefore, we are of opinion that this must be regarded as an action brought under the forcible entry and detainer act."

We discover no error on behalf of the trial court in sustaining the demurrer to the complaint. Judgment affirmed.